# STATE OF MICHIGAN

# COURT OF APPEALS

---

CHRISTOPHER KAPLAN,

Plaintiff-Appellee,

v

NANCY HENDRICKS f/k/a NANCY KAPLAN,

Defendant-Appellant.

UNPUBLISHED
March 24, 2016

No. 325246
Alpena Circuit Court
Family Division
LC No. 10-003705-DM

---

Before: SERVITTO, P.J., and GADOLA and O'BRIEN, JJ.

O'BRIEN, J. (*dissenting*).

I respectfully dissent. At issue in this case is the interpretation of one provision in the parties' June 17, 2011 judgment of divorce. That provision provides as follows:

> THE COURT FURTHER ORDERS AND ADJUDGES that the matter of spousal support shall be RESERVED until the expiration of four years from the date of entry of this Judgment of Divorce. Thereafter, if no spousal support is ordered by the Court after a showing, by either party, of a substantial change of circumstances, spousal support shall be forever barred.

According to plaintiff, the circuit court, and the majority, this provision prohibits defendant from seeking spousal support for four years after the entry of the judgment of divorce, i.e., four years after June 17, 2011. Because defendant filed her motion for spousal support on June 11, 2014, they conclude, it was untimely according to the terms of the judgment of divorce. Conversely, defendant claims that this provision allows her to seek spousal support only during the four-year period after June 17, 2011. I agree with defendant.

As the majority explains, a consent judgment is akin to a contract, *Laffin v Laffin*, 280 Mich App 513, 517; 760 NW2d 738 (2008), and this Court reviews a circuit court's interpretation of a contract de novo, *Reed v Reed*, 265 Mich App 131, 141; 693 NW2d 825 (2005). "The cardinal rule in interpretation of contracts is to ascertain the intention of the parties." *D'Avanzo v Wise & Marsac, PC*, 223 Mich App 314, 319; 565 NW2d 915 (1997). Contractual language that is clear and unambiguous must be interpreted and applied as written. *Lentz v Lentz*, 271 Mich App 465, 472-473; 721 NW2d 861 (2006). "If the contract, although inartfully worded or clumsily arranged, fairly admits of but one interpretation, it is not ambiguous." *Woodington v Shokoohi*, 288 Mich App 352, 374; 792 NW2d 63 (2010). Unless

-1-

otherwise defined in the contract, contractual terms are given their plain and ordinary, i.e., dictionary, definitions. *Cole v Auto-Owners Ins Co*, 272 Mich App 50, 53; 723 NW2d 922 (2006). Applying these rules, I would conclude that defendant's, not plaintiff's, the circuit court's, or the majority's, interpretation of the provision of the judgment of divorce at issue is correct.

The provision at issue provides an ideal of example of a contractual provision that is inartfully worded and clumsily arranged but not ambiguous. *Woodington*, 288 Mich App at 374. The parties' dispute focuses on three words: reserved, until, and thereafter. The word "reserved" can be defined as "kept or set apart or aside for future or special use." *Merriam-Webster's Collegiate Dictionary* (2003). The word "until" can be defined as "up to the time that." *Id*. Finally, the word "thereafter" can be defined as "after that." Using those definitions, I am of the opinion that there is only one correct interpretation of the provision at issue: "that the matter of spousal support shall be" "kept . . . aside for future . . . use" "up to the" "expiration of four years from the date of the entry of this Judgment of Divorce." "[A]fter that," "if no spousal support is ordered . . . spousal support shall be forever barred." Stated more clearly, this provision provides that, if not ordered within the four-year period following June 17, 2011, spousal support was to be forever barred. Here, defendant satisfied that time requirement: she moved for spousal support less than three years after June 17, 2011. Therefore, I would conclude that the circuit court erred in denying her motion as untimely.

Plaintiff, the circuit court, and the majority interpret this provision as prohibiting a party from moving for spousal support within four years after June 17, 2011, but such an interpretation is at odds with the plain and ordinary meaning of the contractual language, especially when read in context. If their interpretation is accepted as true, that necessarily means that a party is prohibited from moving for spousal support during the four-year period after June 17, 2011, as well as after an unidentified date that triggers when "spousal support shall be forever barred." Such an interpretation simply is not supported by the contractual language chosen by the parties. In fact, that interpretation requires us to insert an ambiguity, i.e., an unidentified trigger date, into an otherwise unambiguous, albeit inartfully worded and clumsily arranged, contractual provision. At the very least, if the provision at issue cannot be interpreted as described above, then it should be deemed ambiguous, and the parties' testimony supports this interpretation, not that reached by the majority. Both parties testified that, at the time they entered into the judgment of divorce, they each contemplated that a change in circumstances was likely to occur *during* the four-year period following its entry. It is hard to imagine that, after contemplating the likelihood of a change in circumstances during that time period, the parties nevertheless contracted to prevent themselves from moving for spousal support based on a change in circumstances during that precise time period. Instead, defendant must now wait until the four-year time period has expired, as well as until the anticipated changes in circumstances have already taken place, to move for spousal support. And, she must also be certain to do so before a specific, but unidentified, deadline that bars spousal support forever. I simply cannot accept this interpretation.

Accordingly, I would hold that the circuit court erroneously interpreted the contractual provision at issue in concluding that defendant's motion for spousal support was untimely. I would therefore reverse the circuit court's order and remand for further proceedings.

/s/ Colleen A. O'Brien