LAFFIN v LAFFIN

Docket No. 277187. Submitted August 5, 2008, at Detroit. Decided
August 28, 2008, at 9:10 a.m.

The plaintiff, Louis A. Laffin, and the defendant, Mariza Laffin, were
divorced in 1999 pursuant to a consent judgment entered in the
Oakland Circuit Court, Gene Schnelz, J. The judgment provided
that the plaintiff had paid in advance $62,500 in child support. The
parties had agreed that the plaintiff would receive his share of the
equity in the marital home awarded to the defendant under an
arbitration agreement in the form of the credit toward his future
child-support obligation. The consent judgment also provided that
any future child-support obligation imposed on the plaintiff after
his $62,500 credit had been exhausted would result in a reciprocal
alimony obligation imposed on the defendant in the same amount.
The friend of the court determined in 2004 that the $62,500 credit
had been exhausted and issued an income-withholding order
against the plaintiff, requiring him to pay child support in accor-
dance with the Michigan Child Support Formula Manual. The
plaintiff moved to terminate that order and to require the defen-
dant to pay alimony in an amount equal to his child-support
payments. The defendant responded to the motion, contending
that the reciprocal alimony provision was an unenforceable agree-
ment to bargain away the children's right to financial support. The
court, Michael Warren, J., granted the plaintiff's motion in an
order dated April 28, 2004. The defendant then moved to amend
the consent judgment. The court denied the defendant's motion in
an order dated May 19, 2004. The case was reassigned to Cheryl A.
Matthews, J., and she entered an order on October 12, 2005,
denying the defendant's motion for rehearing or reconsideration of
the April 28, 2004, and May 19, 2004, orders, and ordering the
plaintiff to pay child support and the defendant to pay an equal
amount of alimony in return. The Court of Appeals, JANSEN, P.J.,
and SAAD and DONOFRIO, JJ., denied the defendant's application for
leave to appeal in an unpublished order, entered May 26, 2006
(Docket No. 266299). The Supreme Court denied the defendant's
application for leave to appeal, 477 Mich 941 (2006), then granted
the defendant's motion for reconsideration, vacated its prior order,

and, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 477 Mich 1066 (2007).

The Court of Appeals *held*:

1. The enforcement of the reciprocal alimony provision would deprive the parties' children of the child support they are entitled to by law. The reciprocal alimony provision is void as against public policy.

2. A prearranged alimony provision that becomes effective automatically with the imposition of a child-support obligation, without any regard to the parties' current circumstances or need for spousal support, is inconsistent with the purpose of spousal support and violates the mandate that spousal support may be modified only on the basis of new facts or changed circumstances.

3. The April 28, 2004, order and any other orders that recognize and enforce the reciprocal alimony provision or nullify the plaintiff's obligation to pay child support violate MCL 552.605(2), which requires child support to be determined by application of the child-support formula developed by the friend of the court and provides a procedure for deviating from the formula. The orders entered on April 28, 2004, May 19, 2004, and October 12, 2005, violate MCL 552.605(2). The October 12, 2005, order must be reversed, the April 28, 2004, and May 19, 2004, orders must be vacated, and the matter must be remanded to the trial court for a determination of the plaintiff's appropriate child-support obligation, retroactive to April 28, 2004.

Reversed in part, vacated in part, and remanded.

Mariza Laffin, *in propria persona.*

Before: DAVIS, P.J., and WILDER and BORRELLO, JJ.

WILDER, J. This case is before this Court pursuant to our Supreme Court's order remanding the case to this Court for consideration as on leave granted. *Laffin v Laffin*, 477 Mich 1066 (2007). On appeal, defendant challenges the trial court's October 12, 2005, order denying her motion to set aside prior orders issued in 2004. We reverse the October 12, 2005, order, vacate the trial court's April 28, 2004, and May 19, 2004, orders, and remand for further proceedings.

I

The parties were divorced in 1999. They agreed to binding arbitration to resolve issues of alimony, child support, and property division. Under the arbitration award, defendant received the marital home, subject to a payment of $62,500 to plaintiff, as his share of the equity in the home. Because defendant did not have liquid assets to pay plaintiff for his equity interest in the home, the parties agreed that plaintiff would be granted a credit of $62,500 toward his future child support obligations. When this credit was exhausted, plaintiff would begin paying child support in accordance with the Michigan Child Support Formula Manual (MCSFM). However, the consent judgment that the parties approved, and that was signed by the trial court, did not conform to these requirements. Instead, it provided as follows:

### SUPPORT OF MINOR CHILDREN

IT IS FURTHER ORDERED AND ADJUDGED that support is determined to be $337.00 each week for the three minor children, $269.00 for two minor children, and $175.00 per week when there is one minor child.

IT IS FURTHER ORDERED AND FOUND that Plaintiff has paid in advance to Defendant $62,500.00 for child support, *and that accordingly child support is fully prepaid for as long as same would be payable under Michigan law.*

IT IS FURTHER ORDERED AND ADJUDGED that in the event Defendant should ever seek and obtain child support from Plaintiff that *a sum in the exact amount of the child support awarded shall be paid by Defendant to Plaintiff as alimony.*

\* \* \*

ALIMONY

> IT IS FURTHER ORDERED AND ADJUDGED that
> neither party hereto is entitled to any alimony and same is
> forever barred. [Emphasis added.]

In other words, the consent judgment provided that any future child support obligation imposed on plaintiff would result in a reciprocal alimony obligation imposed on defendant in the same amount.

In 2004, the friend of the court determined that plaintiff's $62,500 credit had been exhausted. It issued an income withholding order against plaintiff's income, requiring him to pay child support in accordance with the MCSFM. Plaintiff moved to terminate the income withholding order and require defendant to pay him alimony in an amount equal to his child support payments. Defendant opposed the motion, arguing that the reciprocal alimony provision was the result of plaintiff's fraud, and, in any event, constituted an unenforceable agreement to bargain away the children's right to financial support. The trial court rejected this argument, concluding that defendant was obligated to comply with the reciprocal alimony provision, because she agreed to it, and granted plaintiff's motion in an order dated April 28, 2004. Defendant's motion to amend the consent judgment was subsequently denied by the trial court, in an order dated May 19, 2004. Defendant's motion for reconsideration of that order was also denied. Approximately a year later, the case was reassigned to another judge. Defendant thereafter filed a motion for rehearing or reconsideration of the April 28, 2004, and May 19, 2004, orders, which the trial court denied on October 12, 2005. The trial court also ordered plaintiff to pay child support, and ordered defendant to pay an equal amount of alimony in return.

Defendant filed an application for leave to appeal the October 12, 2005, order, which this Court denied. *Laffin v Laffin*, unpublished order of the Court of Appeals, entered May 26, 2006 (Docket No. 266299). On further appeal, our Supreme Court initially denied defendant's application for leave to appeal, 477 Mich 941 (2006), but then granted a motion for reconsideration, vacated its prior order, and on reconsideration and in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. 477 Mich 1066 (2007).

II

We begin by addressing the underlying question whether the reciprocal alimony provision is void because it violates public policy. This is a question of law, which we review de novo. *Terrien v Zwit*, 467 Mich 56, 61; 648 NW2d 602 (2002).

A consent judgment is in the nature of a contract, and is to be construed and applied as such. *Gramer v Gramer*, 207 Mich App 123, 125; 523 NW2d 861 (1994). If no reasonable person could dispute the meaning of ordinary and plain contract language, the Court must accept and enforce contractual language as written, unless the contract is contrary to law or public policy. *Rory v Continental Ins Co*, 473 Mich 457, 468; 703 NW2d 23 (2005). In general, consent judgments are final and binding upon the court and the parties, and cannot be modified absent fraud, mistake, or unconscionable advantage. *Staple v Staple*, 241 Mich App 562, 564; 616 NW2d 219 (2000); *Walker v Walker*, 155 Mich App 405, 406-407; 399 NW2d 541 (1986).

Defendant contends that the reciprocal alimony provision is unenforceable, because it is contrary to the public policy of this state that parents may not bargain

away their children's right to support. She contends that the provision effectively nullifies the children's entitlement to support, by obligating defendant to remit the same amount back to plaintiff, under the guise of alimony. We agree.

It is a well-established principle in Michigan that parties cannot bargain away their children's right to support. *Macomb Co Dep't of Social Services v Westerman*, 250 Mich App 372, 377; 645 NW2d 710 (2002); *Evink v Evink*, 214 Mich App 172, 175-176; 542 NW2d 328 (1995). Consequently, "[a]n agreement by the parties regarding support will not suspend the authority of the court to enter a support order." *Johns v Johns*, 178 Mich App 101, 106; 443 NW2d 446 (1989).

Thus, the provision in the consent judgment, stating that plaintiff's $62,500 credit "fully prepaid" his child support obligation, could not prevent the court from entering a support order. Here, the consent judgment did not preclude the possibility of future child support, but, rather, imposed on defendant a reciprocal obligation to pay plaintiff the same amount in alimony as any child support plaintiff was required to pay. The trial court apparently believed that the parties successfully fashioned an agreement that did not violate public policy, even though it had the practical effect of relieving plaintiff of his future child support obligation.

Although the reciprocal alimony provision is distinct in form from a provision totally precluding child support, it is a distinction without a difference. The purpose and effect of the reciprocal alimony provision are to ensure that the parties and the children remain in the same position financially, regardless of plaintiff's child support obligations. Thus, any amount that plaintiff might be required to remit to defendant and the

children as child support is automatically offset by the payment of a like amount from defendant to plaintiff as alimony.

We conclude that enforcement of this arrangement would deprive the parties' children of the child support they are entitled to by law, and, therefore, the reciprocal alimony provision is void as against public policy, because parties cannot bargain away their children's right to support. *Macomb Co Dep't of Social Services, supra* at 377. Additionally, an alimony obligation that is triggered only by an order of child support, and in an amount equal to the amount of child support, is inconsistent with the purpose of alimony. The main purpose of awarding spousal support is to balance the incomes and needs of the parties, without impoverishing either party. *Moore v Moore,* 242 Mich App 652, 654; 619 NW2d 723 (2000). Spousal support "is to be based on what is just and reasonable under the circumstances of the case." *Id.* See also MCL 552.23(1). Periodic spousal support is subject to modification, on a showing of changed circumstances. *Moore, supra.* Any modification of spousal support must be based on new facts or changed circumstances arising after the judgment of divorce, and requires an evaluation of the circumstances as they exist at the time modification is sought. *Gates v Gates,* 256 Mich App 420, 434; 664 NW2d 231 (2003). By definition, changed circumstances cannot involve facts and circumstances that existed at the time the court originally entered a judgment. *Id.* at 435.

A prearranged reciprocal alimony provision that becomes effective automatically with the imposition of a child support obligation, without any regard to the parties' current circumstances or need for spousal sup-

port, is inconsistent with the purpose of spousal support and violates the mandate that spousal support may be modified only on the basis of new facts or changed circumstances. Here, the reciprocal alimony obligation is not really alimony, but a refund or reimbursement of plaintiff's child support obligation that, both in form and effect, eliminates his child support obligation.

Finally, the trial court's April 28, 2004, order and any other orders that serve to recognize and enforce the reciprocal alimony provision, or nullify plaintiff's obligation to pay child support, also violate MCL 552.605(2). MCL 552.605(2) provides that the court "shall order child support in an amount determined by application of the child support formula developed by the state friend of the court bureau . . . ." A court may deviate from this formula if it "determines from the facts of the case that application of the child support formula would be unjust or inappropriate" and articulates on the record its reasons for the departure. *Id.* Although MCL 552.605(3) permits the court to enter "a child support order that is agreed to by the parties and that deviates from the child support formula," that subsection further provides that such an order is permissible only "if the requirements of subsection (2) are met." Thus, the trial court must still comply with MCL 552.605(2) and ensure that a child support order is just, even if the parties agree to a support order that deviates from the guidelines. A trial court has discretion to modify a child support order "as the circumstances of the parents and the benefit of the children require," MCL 552.17(1), but a court has a statutory duty to follow the criteria set forth in the MCSFM when modifying a child support award. *Burba v Burba (After Remand),* 461 Mich 637, 643-645, 647; 610 NW2d 873 (2000). Here, the consent judgment also violates the child support statutes, to the extent that it effectively

nullifies plaintiff's child support obligation, contrary to the child support formula, without complying with MCL 552.605(2).

For the foregoing reasons, we conclude that the trial court's orders of April 28, 2004, May 19, 2004, and October 12, 2005, violate the child support statutes, because they permit plaintiff to effectively avoid his child support obligation, as prescribed by the child support formula, without the requisite findings that application of the child support formula would be unjust or inappropriate.

III

Given that we have concluded that the reciprocal alimony provision is void, we now turn to the appropriate scope of relief in light of the unusual procedural history of this case.

Contracts that violate public policy may not be enforced. *Rory, supra* at 491 (unambiguous written contracts are enforced as written, unless a provision violates law or public policy). Accordingly, the trial court's April 28, 2004, order was erroneous because it enforced the reciprocal alimony provision. Further, because the reciprocal alimony provision in the consent judgment is void, the trial court also erred by denying defendant's motion for relief from the consent judgment on May 19, 2004.[1] Thus, even though defendant did not appeal

---

[1] The trial court also denied defendant's motion for relief from the consent judgment for procedural reasons, because defendant did not cite the court rule under which she was requesting relief. When defendant indicated at the motion hearing that she was requesting relief under MCR 2.612(C), the trial court stated that this was not a case that fell within that rule. We disagree. MCR 2.612(C)(1)(d) and (f) provide that a court may grant relief from a judgment where the judgment is void or for any other reason justifying relief from the operation of the judgment. As

either of these prior orders, these orders have no force or effect because they are unenforceable. *Id*. Under these circumstances, where the trial court failed to set aside a void provision, we conclude that defendant is entitled to relief extending back to April 28, 2004, the date the void order was entered. Accordingly, we reverse the October 12, 2005, order of the trial court, insofar as it recognized and enforced the invalid reciprocal alimony provision. Further, we vacate the April 28, 2004, and May 19, 2004, orders that also recognized and enforced the invalid reciprocal alimony provision, and remand the case to the trial court for a determination of plaintiff's appropriate child support obligation, retroactive to April 28, 2004.

IV

In light of our decision, it is unnecessary to address defendant's remaining issues on appeal.[2]

---

explained previously, the reciprocal alimony provision is unenforceable. Because an unenforceable provision is void and is also a reason justifying relief from the operation of a judgment, relief was authorized under MCR 2.612(C)(1)(d) and (f). Furthermore, a motion under subrules d and f need only be made within a reasonable time. Although the motion here was brought approximately five years after the consent judgment was entered, it was not until February 2004 that the friend of the court notified the parties that plaintiff's prepaid child support had been exhausted. Plaintiff's motion to enforce the reciprocal alimony provision was granted shortly thereafter on April 28, 2004, and defendant filed her motion for relief from the consent judgment on May 12, 2004. Defendant's motion was filed within a reasonable time under the circumstances.

[2] We disagree with defendant's argument that the trial court was obligated to refer the dispute in the instant case back to the original arbitrator. The parties' arbitration agreement authorized the arbitrator to decide disputes relating to language to be incorporated into a judgment. It did not authorize the arbitrator to resolve disputes relating to the interpretation of the judgment once a judgment had been entered.

Reversed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.