# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER KAPLAN,

UNPUBLISHED
March 24, 2016

Plaintiff-Appellee,

v

No. 325246
Alpena Circuit Court
Family Division
LC No. 10-003705-DM

NANCY HENDRICKS f/k/a NANCY KAPLAN,

Defendant-Appellant.

Before: SERVITTO, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] an order of the trial court denying her motion for spousal support on the ground that it was premature according to the terms of the parties' consent judgment of divorce. We affirm.

In 2010, after 16 years of marriage, plaintiff filed for divorce. The parties entered a consent judgment of divorce on June 17, 2011. At that time, only one of the couples' two daughters was still a minor. The consent judgment of divorce (JOD) awarded the parents joint legal custody of the 16-year-old minor, with defendant receiving primary physical custody and plaintiff receiving liberal parenting time. Defendant also received the marital home, (purportedly encumbered by approximately $30,000.00 in debt and asserted to have approximately $6,000.00 in equity), and a vehicle valued at approximately $6,000. Plaintiff was awarded his 401k, valued at approximately $15,000, and his personal property. The judgment reserved the issue of spousal support "until the expiration of four years from the date of entry of this Judgment of Divorce."

Subsequent to the divorce, defendant's income consisted of social security disability payments she received for depression and anxiety, the social security disability payments the minor child received based on her mother's disability, and $415.59 in monthly child support for the minor. Plaintiff's income was derived from trucking employment where he netted approximately $3500 per month in the summer and approximately $2800 per month in winter.

---

[1] *Kaplan v Kaplan*, unpublished order of the Court of Appeals, entered April 3, 2015 (Docket No. 325246).

-1-

In a June 11, 2014 motion for spousal support, defendant claimed that her circumstances changed substantially when the minor child turned 18 years old in September 2013. Subsequent to the end of the child's minority, defendant lost the social security disability income and child support she had received on behalf of the child, causing her income to drop by $981.59 per month. Defendant averred she was having a hard time making ends meet on the $1,140.90 she received in monthly social security disability benefits, was behind on her property taxes, and had medical bills in collection. She asked the trial court for monthly spousal support of $814, based on calculations by a 2013 spousal support prognosticator, using plaintiff's income at the time of the divorce.

After a hearing on the matter, the trial court found "that there has been a substantial change in circumstances, at least to this point." Nevertheless, the trial court denied defendant's motion on the ground that it lacked the authority to consider an award of spousal support prior to expiration of the four-year period subsequent to entry of the JOD. The trial court denied defendant's motion for reconsideration for the same reason.

The sole issue on appeal is whether the trial court erred in interpreting the spousal support reservation clause in the JOD to preclude consideration of a petition for spousal support during the four years following entry of the judgment. A consent judgment is akin to a contract, *Laffin v Laffin*, 280 Mich App 513, 517; 760 NW2d 738 (2008), and we review de novo a trial court's interpretation of a contract, *Reed v Reed*, 265 Mich App 131, 141; 693 NW2d 825 (2005).

"The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties." *D'Avanzo v Wise & Marsac, PC*, 223 Mich App 314, 319; 565 NW2d 915 (1997). Contract language that is clear and unambiguous must be enforced as written. *Lentz v Lentz*, 271 Mich App 465, 472; 721 NW2d 861 (2006). "A contract is ambiguous if it allows two or more reasonable interpretations, or if the provisions cannot be reconciled with each other." *Woodington v Shokoohi*, 288 Mich App 352, 374; 792 NW2d 63 (2010). "If the contract, although inartfully worded or clumsily arranged, fairly admits of but one interpretation, it is not ambiguous." *Id*.

In the instant case, the parties specifically reserved the issue of spousal support in their consent JOD as follows:

> THE COURT FURTHER ORDERS AND ADJUDGES that the matter of spousal support shall be RESERVED until the expiration of four years from the date of entry of this Judgment of Divorce. Thereafter, if no spousal support is ordered by the Court after a showing, by either party, of a substantial change of circumstances, spousal support shall be forever barred.

Defendant interprets the above paragraph to mean that spousal support may be awarded only *during* the four years after entry of the JOD, otherwise, spousal support is forever barred. We disagree.

Unless otherwise defined, terms in a contract are given their plain and ordinary meanings. *Cole v Auto-Owners Ins Co*, 272 Mich App 50, 53; 723 NW2d 922 (2006). Courts may refer to a

dictionary to determine the ordinary meaning of a term that is not a legal term of art. *Id*. at 53-54. Thus, "to reserve" means "to keep back," "to hold in reserve," "to set aside," "to retain or hold over to a future time or place," or "to defer," as in to "to defer one's judgment on a plan." *Merriam-Webster's Collegiate Dictionary* (2014). "Until" is used as a preposition in the paragraph at issue, and as a preposition "until" can mean "up to" or "to," it can be "used as a function word to indicate continuance (as of an action or condition) to a specified time, e.g., stayed until morning," and it can also mean "before," e.g., "not available until morning." *Id.*

Considered in light of these definitions, the plain meaning of the paragraph is that the trial court will "defer" (or continue to defer) or "hold back" its decision on the matter of spousal support "to" (the specified time of) four years after the date of entry of the parties' JOD. In other words, an award of spousal support is not available until after expiration of the four-year period following entry of the JOD. As the second sentence of the paragraph indicates, the trial court may award spousal support to whichever party is able to show a substantial change in circumstances after expiration of the four-year period. "Thereafter" refers to after the four-year period, and "if no spousal support is ordered" clearly suggests its alternative, which is that the trial court may award spousal support after expiration of that period. Admittedly, the second sentence is somewhat vague as written because it does not indicate for how long after expiration of the four years the parties may file a petition for spousal support. However, both plaintiff and defendant testified at the hearing on defendant's motion for spousal support that, at the time they entered into the consent judgment, each contemplated that the substantial change in circumstances would be something that had occurred during the four-year period.

Affirmed.

/s/ Deborah A. Servitto
/s/ Michael F. Gadola

-3-