# STATE OF MICHIGAN

# COURT OF APPEALS

LARRY BRINKER, JR.,

        Plaintiff/Counter-Defendant-
        Appellee,

v

ERICA NICOLE PROCTOR,

        Defendant/Counter-Plaintiff-
        Appellant.

UNPUBLISHED
January 19, 2017

No. 329051
Wayne Circuit Court
Family Division
LC No. 14-108877-DM

Before: TALBOT, C.J., and JANSEN and HOEKSTRA, JJ.

PER CURIAM.

Defendant appeals as of right the judgment of divorce (JOD). We affirm.

Defendant challenges the trial court's entry of the judgment of divorce and incorporated confidential settlement agreement. Specifically, she challenges the trial court's determination that the parties agreed to the provision of the settlement agreement that increases plaintiff's summer parenting time with the minor child in 2017, and asserts error regarding the trial court's failure to refer the dispute to the arbitrator. We disagree.

"A consent judgment is in the nature of a contract, and is to be construed and applied as such." *Laffin v Laffin*, 280 Mich App 513, 517; 760 NW2d 738 (2008). "In general, consent judgments are final and binding upon the court and the parties, and cannot be modified absent fraud, mistake, or unconscionable advantage." *Id*. "[Q]uestions involving the proper interpretation of a contract or the legal effect of a contractual clause are . . . reviewed de novo." *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

MCR 2.507(G) provides, "An agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney." "An attorney has the apparent authority to settle a lawsuit on behalf of his or her client." *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 453; 733 NW2d 766 (2006). "Generally, contracts between consenting adults are enforced according to the terms

-1-

to which the parties themselves agreed." *Lentz v Lentz*, 271 Mich App 465, 471; 721 NW2d 861 (2006).

At the outset, we note that the dispute in this matter only pertains to whether defendant agreed to the increase in plaintiff's summer parenting time in 2017. The parties entered into a settlement agreement before the court finalized the judgment of divorce. The parties discussed the settlement terms on the record. After discussing the terms on the record, the parties disputed the agreement with regard to the 2017 summer parenting time schedule. The court concluded during a subsequent hearing that the parties agreed to follow the parenting time schedule created by Dr. Jack Haynes with regard to the summer of 2017. We conclude that the trial court did not err by resolving the language dispute at the request of the parties and determining that defendant agreed to the prospective increase in plaintiff's summer parenting time for 2017.

During the July 7, 2015 hearing, the parties approached the trial court, indicating their readiness to place their settlement agreement on the record. While some minor terms remained to be decided, defendant's attorney specified that the major terms were resolved. The trial court explained the procedure for placing the agreement on the record and the necessity of obtaining each party's consent to the settlement terms. While detailing custody and parenting time, there was a discussion that the parties would "follow the parenting time schedule that is mostly in line with Dr. Haynes [sic] recommendation with a [tweak]," followed by an explanation regarding the times for pick up and drop off pertaining to plaintiff's regular parenting time.[1] The parties also acknowledged that there was a separate holiday and vacation time schedule, developed with the aid of the guardian ad litem (GAL). Extensive discussion ensued in trying to identify concerns that would require further clarification before the judgment of divorce was entered. Defense counsel stated that the minor terms that were not included in the settlement agreement were the issues of taxes and nondisparagement. Defense counsel emphasized that any remaining issues constituted "minutia" and were "not material in nature." He also explained that an arbitrator could assist with such nonsubstantive matters. He emphasized that the settlement agreement addressed the issues of "custody and parenting time." The trial court stated that it was necessary to have "a full, final and complete settlement," and received assurance from defense counsel that no other issues needed to be resolved. Defendant was afforded time to consult privately with her attorney, and her only question following the consultation related to removal of the lien of plaintiff's father from the marital home.

When the JOD was not submitted for signature and approval following the hearing, the parties again appeared before the trial court on August 11, 2015. The parties sought clarification regarding the summer 2017 parenting time schedule. Defense counsel asserted that there existed a separate holiday and vacation time schedule that covered the summer of 2017. Defendant

---

[1] Although the transcript indicates that defense counsel made the statement that the parties would follow the parenting time scheduled outlined by Dr. Haynes with a "tweak," the context of the statement indicates that it was in fact plaintiff's attorney who made this statement. Regardless, neither defendant nor her attorney challenged the assertion that the parties agreed to follow the parenting time schedule of Dr. Haynes with a "tweak."

indicated that she "did not agree to a springing increase in parenting time." Defense counsel noted his preference to have the trial court resolve the issue that day. The trial court stated that the parenting time terms could not be construed as minor matters necessitating only a "tweak" in Dr. Haynes's proposed schedule, and undertook a review of the recommendation by Dr. Haynes and the transcript of the July 7, 2015 hearing. After the review, the trial court concluded that the representations made by counsel during the prior hearing indicated that the parties would follow the summer parenting time schedule outlined by Dr. Haynes. After the trial court concluded that the parties agreed to the summer parenting time schedule outlined by Dr. Haynes, defendant signed the consent judgment of divorce, adding a handwritten notation in the settlement agreement that she did not agree with the summer 2017 parenting time schedule.

We conclude that the trial court properly determined that the parties agreed to Dr. Haynes's summer 2017 parenting time schedule. The parties agreed to adopt Dr. Haynes's report with "tweaks." There was a discussion of the "tweaks" on the record, but neither party referred to the summer 2017 parenting time schedule as one of the "tweaks." Defendant contends that the summer parenting time schedule to which the parties agreed was contained in the holiday and vacation parenting time agreement completed with the help of the GAL. However, defendant admits in her brief on appeal that the holiday and vacation time agreement does not include a summer parenting time schedule. In addition, there is no indication in the record that the parties had any additional agreement regarding the summer parenting time schedule.

Notably, toward the conclusion of the discussions with the trial court on this matter, defendant's counsel indicated, "[W]e accept . . . [t]he Court's ruling," and prompted defendant to also state, "I accept it." Further, defendant signed the consent judgment. Defendant's handwritten notation on the settlement agreement that she did not agree with the summer 2017 parenting time provision does not negate the fact that defendant agreed to the summer 2017 parenting time schedule and does not counteract the trial court's proper determination that the parties agreed to Dr. Haynes's summer 2017 parenting time schedule. Accordingly, the record supports the trial court's conclusion that defendant agreed to be bound by the summer 2017 parenting time schedule outlined by Dr. Haynes.

Defendant also argues that the trial court improperly altered the parenting time terms without holding a hearing, taking evidence, making findings of fact, or concluding that the parenting time agreement was contrary to the best interests of the child. MCL 722.27a(2) provides, "If the parents of a child agree on parenting time terms, the court shall order the parenting time terms unless the court determines on the record by clear and convincing evidence that the parenting time terms are not in the best interests of the child." Here, the trial court determined that the parties *did* agree on the parenting time terms, and the court did not conclude by clear and convincing evidence that the parenting time terms were not in the best interests of the child. This was not a situation in which the trial court refused to follow the parenting time schedule agreed to by the parties, but rather, the court determined that the parties did in fact agree to the parenting time schedule for the summer of 2017. Therefore, the court did not err by failing to take any additional steps.

Defendant also implies that the court failed to consider that the minor child has special needs due to his asthma, food allergies, and eating habits. Defendant's argument is without merit

-3-

for several reasons. First, defendant agreed to a parenting time schedule including routine days of consecutive parenting time with plaintiff, in addition to identified opportunities for vacation periods. The fact that defendant agreed to this parenting time arrangement suggests that defendant believes that plaintiff is sufficiently reliable to monitor his son's health and well-being while in his care for extended periods. Second, the confidential settlement agreement, incorporated into the JOD, provides that the parents will ensure that a child care provider is familiar with the child's allergies, asthma, and other medical conditions and will be provided with medications and instructed on the necessary steps to treat the child's medical conditions. The agreement also requires each parent to provide the other parent with the name, address, and phone number of any provider for the child who cares for the child for more than four hours. It would appear that all possible precautions and contingencies pertaining to the minor child's health and safety have been considered and addressed. Further, as discussed, defendant agreed to the summer 2017 parenting time schedule outlined in Dr. Haynes's report with full knowledge of the child's special needs and medical conditions. Therefore, her argument that the trial court failed to consider the special needs of the child is without merit.

Defendant further suggests that the trial court exceeded its authority to resolve the language dispute because the parties agreed to consult an arbitrator for such matters. While the JOD and settlement agreement contain arbitration provisions, the parties had not yet signed the JOD at the time the trial court made its determination. Furthermore, counsel for defendant specifically requested that the trial court render a decision and resolve the dispute to avoid prolonging the proceedings. " '[I]t is settled that error requiring reversal may only be predicated on the trial court's actions and not upon alleged error to which the aggrieved party contributed by plan or negligence.' " *In re Utrera*, 281 Mich App 1, 11; 761 NW2d 253 (2008) (citation omitted). Therefore, because defense counsel specifically requested that the court, rather than the arbitrator, resolve the issue, defendant cannot contend on appeal that the trial court's decision to do so contradicted the arbitration provisions in the settlement agreement and JOD.

Affirmed.

/s/ Michael J. Talbot
/s/ Kathleen Jansen
/s/ Joel P. Hoekstra

-4-