# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH RALPH FERRANTE,

        Plaintiff/Counter-Defendant-
        Appellant,

v

DRAGANA POLOVINA,

        Defendant/Counter-Plaintiff-
        Appellee.

UNPUBLISHED
October 19, 2017

No. 333457
St. Clair Circuit Court
LC No. 15-001285-DM

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals by leave granted[1] a May 26, 2016, circuit court order granting defendant's motion to compel plaintiff to list the former marital home for sale or refinance the home within a reasonable time and to pay defendant $2,323 for extra-curricular activities for the parties' minor children.[2] For the reasons set forth in this opinion, we affirm.

The parties were formerly married and had two minor children together. On February 5, 2016, the trial court entered a consent judgment of divorce (JOD). Shortly after the JOD was entered, the two minor children were entering their senior and junior years of high school. The JOD contained provisions governing payment of the children's extra-curricular activities, requiring both parties to "equally share in the expense of all agreed upon extra-curricular activities."

On April 28, 2016, defendant filed motions requesting an order requiring plaintiff to pay for the children's extra-curricular activities. Plaintiff opposed the motion. Plaintiff argued that

---

[1] *Ferrante v Polovina*, unpublished order of the Court of Appeals, entered September 21, 2016 (Docket No. 333457).

[2] At oral argument, counsel for plaintiff and defendant informed the Court that the home had been sold, thereby rendering the issues associated with the sale of the home moot. Counsel was informed by the Court that in the future, it is incumbent on counsel to bring such facts to the attention of this Court prior to case call.

he informed defendant on September 30, 2015, that he could not pay for their son's travel soccer team and he attached a screen-shot of a text message purporting to show that he made this statement to defendant.

At a hearing, defendant explained that she was requesting $2,500 to cover one-half the costs for a soccer team, a senior trip, and for vacation spending money for the youngest son. Defendant stated that plaintiff already paid $200 toward the senior trip. Defendant stated that she repeatedly asked plaintiff to pay for these extra-curricular activities, but plaintiff refused and instead obtained a personal protection order (PPO) against her. Defendant agreed that, prior to entering into the consent JOD, she discussed with plaintiff that the children had signed up for soccer, for the senior trip and for the vacation. Defendant explained that "that's why the extra-curricular activities was [sic] added into the divorce." Defendant stated that her understanding at time of the JOD was entered was that plaintiff would help pay for the extra-curricular activities.

The court questioned plaintiff as follows regarding the extra-curricular expenses:

*Q.* So what was your understanding what was the purpose of that extra curricular provision was? Why is that language in your Judgment? []

*A.* As agreed upon is what I understood.

*Q.* All right. You'd agree with me that the activities that we're talking about today your sons were already participating in?

*A.* Yeah, they were - -

*Q.* So there was agreement or acquiescence in that at the time that Judgment was entered, would you agree with that?

*A.* Only if I can speak to them. I want, because I don't believe what she tells me.

*Q.* Well, that answers that question. []

Plaintiff also argued that the JOD barred any pre-existing claims for monies owed before entry of the JOD. Therefore, plaintiff maintained, defendant was precluded for seeking payment for extra-curricular activities that the children participated in prior to entry of the JOD.

After hearing arguments from the parties, the court held as follows:

So, the thing I'm going to tell everybody is at the time this Judgment was entered I don't have any doubt that everybody knew these kids were doing these activities. It should have been addressed if there wasn't an agreement on what was going to happen at that time . . . But where we are now, I think there was agreement and acquiescence in those activities. I think [plaintiff] based upon the language in the Judgement and those facts is responsible for paying the one-half-of the extra curricular activities that [defendant] has asked for. []

-2-

The court entered a written order requiring plaintiff to pay $2,232 for the minor children's soccer, the senior trip, and vacation. This appeal ensued.

We review de novo a trial court's interpretation of a divorce judgment. *Neville v Neville*, 295 Mich App 460, 466; 812 NW2d 816 (2012). "A consent judgment is in the nature of a contract, and is to be construed and applied as such." *Laffin v Laffin*, 280 Mich App 513, 517; 760 NW2d 738 (2008). If no dispute exists regarding the meaning of ordinary and plain contractual language, we will enforce the language as written. *Id*. If the meaning of a provision in a divorce judgment is unclear or is equally susceptible to more than one meaning, interpretation is a question of fact, and the court may consider extrinsic evidence to discern the parties' intent. *Smith v Smith*, 278 Mich App 198, 200; 748 NW2d 258 (2008).

Plaintiff argues that the trial court erred in ordering him to pay defendant $2,323 for extra-curricular activities for their minor children. This argument lacks merit.

The JOD contains the following provision governing extra-curricular activities:

It is ordered that the parties shall equally share in the expense of all agreed upon extra-curricular activities. Each party is responsible for transporting the children to and from all such extra-curricular activities during their respective parenting time.

The court did not clearly err in finding that both parties were aware of the children's soccer, the senior trip, and the vacation. By consenting to pay for one-half of the expenses, and by making no objection regarding the requested expenses at the time the JOD was entered, plaintiff consented by acquiescence to pay the $2,323.

Plaintiff argues that the JOD barred all pre-existing claims, including plaintiff's request for the extra-curricular activities. The JOD contains the following provision regarding existing claims:

This Judgment of Divorce shall and does bar any and all claims, now in existence, which either party has against the other.

The trial court did not err in concluding that this provision did not bar defendant's request for extra-curricular activities. The costs for the extra-curricular activities were specifically referenced in the JOD. The JOD required that each party share equally in the agreed-upon extra-curricular activities. Plaintiff agreed that the children were already participating in the extra-curricular activities at the time the JOD was entered and he did not object to those expenses. Thus, he consented to pay one-half the costs for the expenses. Notably, the extra-curricular activities provision in the JOD does not state that the parties shall share equally in expenses of all *future* extra-curricular activities. Thus, the provision is clear and unambiguous and requires that plaintiff pay half of the children's extra-curricular activities, including those expenses in existence at the time that the JOD was entered.

Affirmed.  Defendant having prevailed, may tax costs.  MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause