*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS M. PROSE, Trustee of the THOMAS M. PROSE REVOCABLE TRUST,

        Plaintiff/Counterdefendant-Appellant,

v

DEPARTMENT OF NATURAL RESOURCES,

        Defendant/Counterplaintiff-Appellee.

UNPUBLISHED
April 17, 2025
11:04 AM

No. 368683
Court of Claims
LC No. 19-000118-MZ

Before: MURRAY, P.J., and M. J. KELLY and N. P. HOOD, JJ.

PER CURIAM.

Plaintiff-counterdefendant Thomas M. Prose, as trustee of the Thomas M. Prose Revocable Trust, appeals by leave granted[1] the Court of Claims' opinion and order denying his motion to enforce the consent judgment entered into with defendant-counterplaintiff the Department of Natural Resources (DNR). We reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Prose owns real property in Washtenaw County consisting of five lots on a peninsula commonly known as Treasure Island. The DNR owns and controls the remainder of the land on Treasure Island.

In 2017, Prose filed suit against the DNR, seeking an easement by necessity over a bridge and a road to his property owned by the DNR but otherwise open to the public (Court of Claims Case No. 17-000179-MZ). The Court of Claims dismissed that case, holding that Prose was not entitled to an easement by necessity. The Court of Claims also dismissed the claims Prose filed

---

[1] *Prose v Dep't of Natural Resources*, unpublished order of the Court of Appeals, entered May 28, 2024 (Docket No. 368683).

against the DNR related to an easement in the 2019 lawsuit at issue (Court of Claims Case No. 19-000118-MZ). However, the parties agreed to settle the DNR's counterclaims in this action through entry of a consent judgment on July 28, 2021. The consent judgment is the subject of this appeal.

In resolution of Court of Claims Case Nos. 19-000118-MZ and 20-000114-MZ, [2] Prose agreed to pay the DNR $295,000 for bridge construction and an easement over portions of Crescent Drive and Blind Lake Road, which lead to his property, along with administrative costs. The consent judgment provides that the easement is to be formalized after entry of the judgment.

Thereafter, the parties engaged in discussions to draft the terms of the easement, but failed to come to an agreement after nearly two years of negotiations. Prose objects to the following easement language proposed by the DNR:

> This document only conveys an Easement for ingress and egress to Grantee's Property as it is described on Exhibit A, which Property historically and currently supports one residence, and to the successors and assigns of that Property. The Easement is not intended to provide access to a subdivision of Grantee's Property or to multiple residences.

Specifically, Prose moved to enforce the consent judgment, arguing that the consent judgment terms unambiguously required the DNR to grant him an easement without restrictions on his ability to divide or sell his property, which consists of five buildable lots. The DNR also moved to enforce the consent judgment, asserting that Prose should be compelled to comply with the deed transaction agreed to in the consent judgment, and responded to Prose's motion, arguing that the terms of the consent judgment do not prohibit the DNR from enforcing its policy requiring the purchase of additional easements if Prose were to "create[] new parcels, and sell[] them off to five potential future individuals."

The Court of Claims held a hearing on the respective motions. Prose's counsel argued the consent judgment's integration clause prevented the DNR from imposing conditions on the easement agreed to in the consent judgment. The DNR's counsel, on the other hand, asserted that the law and DNR policy against subdivision of an easement were automatically incorporated into the consent judgment.

On the basis of the arguments presented, the Court of Claims ordered supplemental briefing, stating:

> Because the consent judgment contains no express language indicating the easement to be granted by [the DNR] comes with less rights than generally attend an easement, the Court must construe ¶ 4 in the manner advanced by [Prose] *unless* to do so would unreasonably burden the servient estate owned by the state. [The DNR] argues that [Prose's] plan to subdivide the dominant estate would unreasonably burden the servient estate and the unique interests associated with

---

[2] Prose also filed a third case related to the easement in the Court of Claims (Court of Claims Case No. 20-000114-MZ).

maintaining a road that traverses the Pinckney State Recreation Area. The Court lacks sufficient information to assess the merits of [the DNR's] argument.

In its supplemental brief, the DNR argued that Prose was not exempt from DNR policy or the conditions imposed on easements the DNR is required to sell under MCL 324.2123a of the Natural Resources and Environmental Protection Act (NREPA), MCL 324.101 *et seq.*, neither of which must be expressly incorporated into the consent judgment to be applicable. Specifically, the DNR asserted that under MCL 324.2123a(5), it may impose conditions on such easements, and under MCL 324.2128(1), where an easement granted under this subpart is subsequently subdivided, the easement will terminate.

Prose argued in response that the DNR failed to follow the Court of Claims' directive to address how his potential use of the easement would burden the DNR's servient estate, and raised new arguments regarding the application of the NREPA and DNR policy that were waived and lacked merit. Subpart 8 of the NREPA, Prose asserted, does not apply because it governs easement *applications*, not easements ordered by consent judgment, and a mere increase in the number of people using an easement does not constitute an unlawful burden.

Ultimately, the Court of Claims denied Prose's motion to enforce the consent judgment and granted the DNR's motion, stating in part:

> In sum, the Court concludes that the Legislature has determined, as a matter of public policy, that the transfer of such easements to successor purchasers of land absent compliance with MCL 324.2123 or MCL 324.2123a, as applicable, and other relevant statutes and regulations, inherently and unreasonably burden the state-owned servient estates over which they cross. This Court must defer to the policy choices made by the Legislature.
>
> *   *   *
>
> Accordingly, the Court finds that the easement referenced in ¶ 4 of the consent judgment is intended to provide [Prose] with ingress and egress to his property. The easement does not attach to any of [Prose's] parcels subsequently sold or transferred to third parties absent compliance with statutory requirements by the purchasers and DNR approval.

## II. ANALYSIS

Prose argues on appeal that the Court of Claims erred in denying his motion to enforce the consent judgment and imposing restrictions upon the easement purchased that were not included in the terms of the consent judgment.

## A. STANDARD OF REVIEW

"This Court has held that '[a] consent judgment is in the nature of a contract, and is to be construed and applied as such.' " *IGCFCO III, LLC v One Way Loans, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 366535); slip op at 6, quoting *Laffin v Laffin*, 280 Mich App 513, 517; 760 NW2d 738 (2008). We review a court's interpretation of a contract de novo.

*Hein v Hein*, 337 Mich App 109, 115; 972 NW2d 337 (2021), citing *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003). "Questions concerning the proper interpretation and application of statutes are also reviewed de novo." *Farrar v Suburban Mobility Auth for Regional Transp*, 345 Mich App 472, 477; 7 NW3d 80 (2023).

### B. DOES THIS APPEAL VIOLATE THE CONSENT JUDGMENT?

We first address the DNR's assertion that the terms of the consent judgment prohibit this appeal.[3] The DNR relies on paragraph 7 of the consent judgment, which states, "Within 10 days of the entry of this Decree, the Parties will stipulate to the completed dismissal, with prejudice, of Michigan Court of Claims Case Nos. 19-000118-MZ and 20-000114-MZ and agree not to file any appeal arising from those cases." But this appeal is not a challenge to the consent judgment itself or the dismissal of those matters; rather, it is an appeal of the Court of Claims' decision regarding *enforcement* of the consent judgment. Thus, we do not consider it as "arising from" those cases.

Reading the consent judgment as a whole supports this interpretation. A contract must be viewed as a whole, and "contractual terms must be construed in context." *Auto-Owners Ins Co v Seils*, 310 Mich App 132, 148; 871 NW2d 530 (2015). Paragraph 6 of the consent judgment provides:

> Prose releases all current or potential claims against the DNR or any other state entity that have arisen or could have arisen out of the circumstances that gave rise to Michigan Court of Claims Case Nos. 17-000179-MZ, 19-000118-MZ or 20-000114-MZ. The DNR releases all current or potential claims or counterclaims against Prose that have arisen or could have arisen out of the circumstances that gave rise to Michigan Court of Claims Case Nos. 17-000179-MZ, 19-000118-MZ or 20-000114-MZ. *This paragraph does not prohibit a lawsuit filed solely to enforce this Decree.*

Although he did not file a separate lawsuit, Prose moved to *enforce*, but did not challenge the validity of, the consent judgment.

Moreover, the open-ended nature of the easement, to be drafted after entry of the consent judgment, belies the DNR's argument of waiver. We cannot conclude that the parties intended to waive the appeal of any potential dispute regarding the terms of the easement or enforcement of the consent judgment.

---

[3] The DNR made the same argument in its response to Prose's application for leave to appeal, which was of course granted by this court, *Prose v Dep't of Natural Resources*, unpublished order of the Court of Appeals, entered May 28, 2024 (Docket No. 368683).

## C. CONSENT JUDGMENT TERMS

We now turn to the merits of Prose's arguments. Prose asserts that the consent judgment plainly and unambiguously "mandates the grant of an easement" that "does not allow the DNR to impose conditions on the easement that would restrict [his] use or alienability of his property."

Again, a "consent judgment is in the nature of a contract, and is to be construed and applied as such." *IGCFCO*, ___ Mich App at ___; slip op at 6 (quotation marks and citation omitted). "In determining the meaning of a contract, this Court 'give[s] the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument.' " *Id*. at ___; slip op at 6, quoting *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005) (alteration in original).

> A "court must look at the contract as a whole and give meaning to all terms." *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 566; 489 NW2d 431 (1992). After ascertaining the meaning of a contract's terms, "a court must construe and apply unambiguous contract provisions as written." *Rory*, 473 Mich at 461. A contract is ambiguous when, after considering the entire contract, its words may reasonably be understood in different ways. [*Seils*, 310 Mich App at 145-146.]

As Prose asserts, the condition the DNR seeks to impose on the easement he purchased—limiting easement access in the event of property subdivision, does not appear in the terms of the consent judgment. The consent judgment provides that in exchange for payment from Prose:

> DNR will, to the benefit of Prose and not DNR, grant Prose a non-exclusive Easement for vehicular and pedestrian use over the portions of Crescent Drive and Blind Lake Road within the Pinckney State Recreation Area beginning at Goodband Road and ending where the "Proposed Sale" on Exhibit A begins, as approximately depicted on Exhibit B (Easement). Neither this Decree nor Exhibit B is the Easement. The Easement transaction will be formalized as soon as practicable after the entry of this Decree.

Nowhere in this paragraph or elsewhere does the consent judgment explicitly limit access in the event of property subdivision, or allow for the imposition of other conditions. Indeed, this is the interpretation the Court of Claims adopted in its order for supplemental briefing, stating, "[T]he consent judgment contains no express language indicating the easement to be granted by [the DNR] comes with less rights than generally attend an easement . . . ."

Nevertheless, the DNR argued in its supplemental brief, and the Court of Claims concluded, citing MCL 324.2123, 324.2123a, 324.2124, and 324.2128, that

> the Legislature has made the policy choice that easements for roads over state owned land under the jurisdiction of the Michigan Department of Natural Resources should be granted to individuals carefully, only when certain requirements of statute and the conditions imposed by the department are satisfied.

And while the Court of Claims insisted that MCL 324.2128 did not bar Prose from transferring his easement as a matter of law, because the lots were already subdivided, it found salient the policy choices reflected in the cited statutes, concluding that

> the easement referenced in ¶ 4 of the consent judgment is intended to provide [Prose] with ingress and egress to his property. The easement does not attach to any of [Prose's] parcels subsequently sold or transferred to third parties absent compliance with statutory requirements by the purchasers and DNR approval.

Along with asserting generally that its proposed easement conditions do not interfere with Prose's ability to access his home or sell his land, the DNR reiterates its statutory and policy arguments on appeal.

"[A]s a matter of general contract law, the law in place at the time a contract is entered into is tied to the contract terms[.]" *Andary v USAA Cas Ins Co*, 512 Mich 207, 240; 1 NW3d 186 (2023). "In the simplest terms, the thrust of this concept is that the formation and execution of a contract occurs against the backdrop of the relevant common, statutory, and regulatory law that exists at the time." *Id*. An unambiguous contract provision "must be enforced unless it violates the law or public policy." *Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 198; 920 NW2d 148 (2018).

We first note that the consent judgment does not incorporate any statutes or laws into the judgment. Instead, it merely provides that "Michigan law governs this decree," meaning the judgment is interpreted under Michigan law. Second, a review of the statutes cited by the DNR leads us to conclude that they are inapplicable to the easement. MCL 324.2123a applies to easements the DNR is required to grant where an individual applies for an easement and has no other legal access to his or her land. MCL 324.2123a(1)(a) and (b). Under MCL 324.2123a(5), the DNR may impose conditions on such an easement. And MCL 324.2128 provides, in pertinent part:

> If the land to which an easement is granted by the [DNR] pursuant to this subpart or former Act No. 421 of the Public Acts of 1982 is subsequently subdivided, as this term is defined by section 102 of the subdivision control act, Act No. 288 of the Public Acts of 1967, being section 560.102 of the Michigan Compiled Laws, the easement shall terminate. [MCL 324.2128(1).]

Prose did not apply for an easement under the conditions specified in MCL 324.2123a, nor was he granted an easement pursuant to any other portions of subpart 8 or the prior statute referenced in MCL 324.2128. Rather, he and the DNR agreed to an easement as part of a litigation settlement. The DNR argues that although Prose did not submit an easement application in accordance with MCL 324.2123a, it already had the information from Prose that would have been requested on the application form, including his name, address, and the easement location. And it asserts further that "the statute leaves it to DNR to decide what information it needs from persons wishing to purchase easements." But MCL 324.2123a conditions the grant of an easement in part on the completion of an application form provided by the DNR, MCL 324.2123a(1)(a), and provides no explicit exception to this requirement. More importantly, a statutory condition for

-6-

MCL 324.2123a to apply is that the applicant has no other legal access to their property, which again does not apply to Prose. Nor does the DNR provide any other authority for this assertion.

Moreover, the DNR does not otherwise adequately support the assertion that these laws, while seemingly applicable only under circumstances not at issue here, were nonetheless incorporated into the consent judgment and apply to the easement agreed upon. It cites no caselaw or other authority indicating that these statutes provide the exclusive means by which the DNR may grant easements of state land to the public, or that the requirements or conditions included within the statutes could not be waived by the DNR in a consent judgment or contract.[4] Indeed, the DNR only asserts generally that it "did not, and *likely* cannot, 'waive' the law as to Prose simply because it did not require him to resubmit information to it that it already had," in reference to the fact that Prose did not complete an application form (emphasis added). And we were unable to locate such authority. The Court of Claims cited *Kyser v Kasson Twp*, 486 Mich 514, 536; 786 NW2d 543 (2010), for the general proposition that the Michigan Constitution directs the Legislature to provide for the protection and management of the state's natural resources, and policymaking is at the core of the legislative function, but *Kyser* does not hold that the DNR cannot grant an easement over state lands without including subdivision conditions under MCL 324.2123a or MCL 324.2128. Accordingly, we hold that the Court of Claims erred when it concluded that "[t]he easement does not attach to any of plaintiff's parcels subsequently sold or transferred to third parties absent compliance with statutory requirements by the purchasers and DNR approval."[5]

The same conclusion applies to the Court of Claims' decision that the DNR policy of easement termination upon subdivision of the property was implicitly incorporated into the consent judgment. That language does not appear in the terms of the consent judgment, and we see no

---

[4] MCL 324.2124 provides circumstances under which the DNR is prohibited from granting an easement over state-owned land under its jurisdiction, but the DNR does not argue that any of those circumstances apply here. Further, MCL 324.2125 states that the DNR shall not grant an easement to an individual over state-owned land unless that individual has an interest in the land, but again, the DNR does not argue that this provision applies.

[5] "If a dominant estate with easement rights is divided, all resulting parcels take a share in the easement as long as an unreasonable burden is not imposed upon the servient estate." *Morse v Colitti*, 317 Mich App 526, 538; 896 NW2d 15 (2016). The Court of Claims reasoned that "the Legislature has determined, as a matter of public policy, that the transfer of such easements to successor purchasers of land absent compliance with MCL 324.2123 or MCL 324.2123a, as applicable, and other relevant statutes and regulations, inherently and unreasonably burden the state-owned servient estates over which they cross." But as we have stated, we cannot conclude on the arguments and record before us that these statutes are applicable to the easement, or that their requirements are implicitly incorporated into the terms of the consent judgment. And the DNR does not specifically argue on appeal that any potential subdivision of Prose's property would cause an unreasonable burden. In fact, in their supplemental brief to the Court of Claims regarding the motions to enforce the consent judgment, the DNR argued against use of the common law unreasonable burden standard, stating, "Instead, by law, if Dr. Prose subdivides his parcel under the Land Division Act, then his 'easement shall terminate.' MCL 324.2128(1)."

basis under which it is implicitly incorporated into the terms of the consent judgment. And while the DNR refers generally to incorporation of its policies into the consent judgment in its brief on appeal, it makes little specific argument on this point.

However, our conclusion does not foreclose the DNR's (or Prose's) ability to negotiate the terms or conditions of the easement granted in the consent judgment, as Prose asserts. He argues that by the plain terms of the consent judgment, and the inclusion of an integration clause, the DNR is prohibited from adding conditions to the easement not explicitly provided for in the consent judgment.

> Since it is only the intention of the parties to adopt a writing as a memorial which makes that writing an integration of the contract, and makes the parol evidence rule applicable, any expression of their intention in the writing in regard to the matter will be given effect. If they provide in terms that the writing shall be a complete integration of their agreement . . . the express intention will be effectuated. [*UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 493; 579 NW2d 411 (1998) (quotation marks and citation omitted).]

Paragraph 8 of the consent judgment states:

> This Decree contains the entire agreement between the parties with respect to its subject matter and incorporates and integrates all prior negotiations, understandings, and promises (oral or written) between the parties regarding the subject matter. This Decree shall be binding on the Parties and their respective heirs, representatives, members, managers, employees, agents, successors and assigns, agents or other representatives.

But the consent judgment did not provide the terms of the easement, leaving it to be drafted at a later date, so the consent judgment is not fully integrated. Thus, while the Court of Claims erred by imposing certain conditions related to subdivision of Prose's property on the easement agreed to in the consent judgment, we do not conclude that the consent judgment prohibits the inclusion of conditions related to the easement. Rather, we simply conclude that under these circumstances and the terms of the consent judgment, the Court of Claims and the DNR lacked the authority to *mandate* the imposition of conditions on the easement not contained in the consent judgment.

We reverse and remand for further proceedings consistent with this opinion. To clarify, we conclude that the Court of Claims erred by reading additional terms into the consent judgment. Beyond that, we take no position on whether the consent judgment provides for an easement appurtenant or an easement in gross, as that broader issue is not presently before us. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Michael J. Kelly
/s/ Noah P. Hood

-8-