SYLVANIA SILICA COMPANY v BERLIN TOWNSHIP

Docket No. 107910. Submitted April 3, 1990, at Detroit. Decided July 19, 1990. Leave to appeal sought.

Sylvania Silica Company filed an application with Berlin Township, seeking a permit to excavate and remove sand and soil from land located within the township. The township denied the application, and Sylvania brought an action in the Monroe Circuit Court, seeking a writ of mandamus compelling the issuance of the permit. After a hearing, Visiting Judge Henry D. Arkison issued an order of mandamus, finding that the township had a legal duty to give the plaintiff a permit. The order further stated that the plaintiff was prohibited from using any explosive devices when conducting excavations. The defendant appealed and the plaintiff cross appealed. The parties thereafter stipulated to dismissal of the appeals with prejudice and the township enacted an ordinance expressly allowing blasting for the purpose of mineral extraction. The plaintiff then brought an action against the defendant, seeking to have the court modify the earlier judgment as it pertained to the detonation of explosive devices. The trial court, Patrick J. Conlin, J., found that the defendant had a clear mandatory duty to issue the plaintiff a blasting permit and entered an order requiring defendant to issue such a permit. The defendant appealed.

The Court of Appeals held:

The original judgment was a litigated judgment. The stipulation to dismiss the appeals with prejudice did not operate to transform the litigated judgment into a consent judgment. The trial court properly granted relief from the prior judgment because the subsequent enactment of the ordinance specifically allowing an activity which was disallowed under the original

REFERENCES

Am Jur 2d, Equity § 90. Judgments §§ 799, 802, 803, 904, 1080, 1095, 1096; Stipulations § 8.

See the Index to Annotations under Appeal and Error; Equity; Judgments, Orders, and Decrees; Stipulations; Vacation and Modification of Judgment or Verdict.

order made it no longer equitable that the judgment have prospective application.
  Affirmed.

1. JUDGMENTS — APPEAL — DISMISSAL OF APPEAL — LITIGATED JUDG-
   MENTS — CONSENT JUDGMENTS.
    A stipulation to dismiss an appeal from a litigated judgment with prejudice does not operate to transform the litigated judgment into a consent judgment.

2. JUDGMENTS — RELIEF FROM JUDGMENT — EQUITY.
    A trial court may grant relief from a judgment where it is no longer equitable that the judgment have prospective applica- tion (MCR 2.612[C][1][e]).

*Thomas L. Chambers,* for the plaintiff.

*Braunlich, Russow & Braunlich* (by *William J. Braunlich, Jr.,* and *Thomas P. Russow*), and *John A. Hohman, Jr.,* for the defendant.

Before: GRIBBS, P.J., and HOOD and SHEPHERD, JJ.

PER CURIAM. Defendant appeals as of right from the mandamus order of the trial court requiring defendant to issue plaintiff a permit to conduct blasting operations on property located within defendant township. We affirm.

A dispute between the parties to this appeal arose in May of 1977. At that time plaintiff filed an application for a permit to excavate and re- move sand and soil from land located within defen- dant township. Defendant denied the application. Plaintiff filed suit seeking a writ of mandamus compelling the issuance of the permit. In June of 1978, after a hearing on the matter, Visiting Judge Henry D. Arkison issued an order of manda- mus finding that defendant had a legal duty to give plaintiff a permit. The trial court's order further stated that plaintiff was prohibited from

using any explosive devices when conducting excavations.

Defendant appealed the trial court's order and plaintiff cross appealed. Sometime after the appeals were filed, the parties entered into a stipulated agreement to dismiss all appeals with prejudice.

In November of 1986 plaintiff filed suit against defendant, seeking to have the court modify the 1978 judgment as it pertained to the detonation of explosive devices. Plaintiff asserted that the previous order should be modified because after it had been entered defendant township had enacted an ordinance which expressly allowed blasting for the purposes of mineral extraction. The trial judge found that under the previous order defendant had a clear legal duty to comply with its own ordinances. Since defendant now had an ordinance allowing blasting, it had a clear mandatory duty to issue plaintiff a blasting permit.

Defendant appeals from the order of the trial court, arguing that the court had no authority to modify the previous order of mandamus. Specifically, defendant asserts that the previous order of mandamus was a consent judgment of the parties because of their later stipulation to dismiss the appeals with prejudice. Defendant asserts that since a consent judgment may only be set aside for fraud, mistake or unconscionable advantage, and none of these are asserted by plaintiff, the trial judge could not modify the previous order.

We disagree with defendant and affirm the trial court's decision. A consent judgment is the product of an agreement between the parties. *Young v Robin,* 146 Mich App 552, 556; 382 NW2d 182 (1985), lv den 424 Mich 900 (1986). A judge merely approves such an agreement and a consent judgment is unlike a litigated judgment in that it does

not reflect the considered judgment of the court after litigation of the issues. *Id.*

At the time of the original order of mandamus, the issue had been litigated and the trial judge determined the result. When the judgment was entered neither party had stipulated to its entry. It was therefore a litigated judgment. It is our opinion that a stipulation to dismiss an appeal with prejudice does not operate to transform a litigated judgment into a consent judgment. We thus reject defendant's claim of error.

Pursuant to MCR 2.612(C)(1)(e) a trial court may grant relief from a judgment where it is no longer equitable that the judgment have prospective application. We find that this case is an appropriate one for application of MCR 2.612(C)(1)(e) because of the subsequent enactment of an ordinance specifically allowing an activity which was disallowed under the original order of mandamus.

Affirmed.