# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY S. MANIACI,

       Plaintiff-Appellant,

v

THOMAS DIROFF and MANDY DIROFF,

       Defendants-Appellees,

and

KENNETH G. SILER AND TONYA L. SILER
REVOCABLE TRUST,

       Appellee.

UNPUBLISHED
May 15, 2018

No. 333952
Gladwin Circuit Court
LC No. 14-007559-CH

Before: METER, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Plaintiff, Jeffrey S. Maniaci, appeals as on leave granted the trial court's post-judgment order denying his request to adjust the grade of waterfront property owned by appellee Kenneth G. Siler and Tonya L. Siler Revocable Trust (the Trust), in which plaintiff possesses an easement. We affirm.

## I. FACTS

This case arises from a dispute involving a roughly rectangular strip of land, referred to as Parcel B, located on Secord Lake, which is part of the water system of the Tittabawassee River. Parcel B lies adjacent to the water's edge, and Vonda Lane is a public road that ends at Parcel B. The Trust owns Lot 45, which is adjacent to Parcel B. Plaintiff owns non-lakefront property in the same subdivision in which Lot 45 and Parcel B are located.

In 2014, plaintiff initiated this action before the trial court asserting the right to use Parcel B to access Secord Lake and the Tittabawassee River. At that time, Lot 45 was owned by

-1-

defendants, Thomas and Mandy Diroff (the Diroffs),[1] who filed a counterclaim asserting ownership of Parcel B. The parties thereafter agreed to entry of a consent judgment granting the Diroffs fee title to Parcel B, while granting plaintiff and the other property owners in the subdivision a nonrecreational easement over a 20-foot wide path across parcel B to access Secord Lake. At the time, the Diroffs had a fence along the boundary of Parcel B and Vonda Lane. The consent judgment provided that the fence could remain but the Diroffs would create a 20-foot wide opening in the fence to allow access to the lake over Parcel B. The parties' attorneys agreed on the record as follows:

> The 20 foot opening is specifically provided so that if a party easement holder wishes to, as part of the rights of ingress and egress, to launch a watercraft at that location a 20 foot wide opening would accommodate a trailer and the reasonable backing up abilities of the operator.

In June 2015, the trial court entered the consent judgment which provided, in relevant part:

> 2. . . . Diroff acknowledges or otherwise conveys in favor of the lot owners of the Supervisor's Plat of Baker's Resort . . . together with said lot owners' successors and assigns, an appurtenant non-recreational easement for ingress and egress access to and from the Tittabawassee River (a/k/a Secord Lake), across Parcel B to and from Vonda Lane (hereinafter the "Easement"). The Easement shall hereafter run to and with each and every lot of the Supervisor's Plat of Baker's Resort, in perpetuity, for use by those within the Supervisor's Plat of Baker's Resort. The Easement may also be used for the temporary mooring and launching of watercraft, including by boat trailer, but may not be used for non-temporary mooring, docks, and/or wharfs.

> 3. Diroff may maintain a split rail fence on the common boundary between Parcel B and the terminus point of Vonda Lane. The fence must contain a 20 feet opening in the middle of said fence to facilitate ingress and egress to and from the Tittabawassee River (a/k/a Secord Lake), specifically to accommodate the use of a boat trailer. The fence shall be reasonably constructed to maximize the view of the water.

> 4. Routine maintenance of the Easement will be both the right and the responsibility of Diroff. However, to the extent that any usage of the Easement creates damage to the surface of the Easement, the person(s) creating that damage shall be responsible for restoring the Easement to its pre-damaged state.

Several weeks after the consent judgment was entered, plaintiff filed a motion for contempt alleging that the Diroffs had failed to remove the barriers from the easement. The trial

---

[1] The Diroffs have since sold their interest, which is currently owned by the Trust.

court declined to hold the Diroffs in contempt but ordered them to remove the barriers by August 31, 2015.

In April 2016, plaintiff again moved before the trial court to hold the Diroffs in contempt for failing to comply with the consent judgment by removing the barriers. Plaintiff also requested an order permitting him to alter the slope of Parcel B to enable him to launch a boat using a boat trailer. At the hearing on the motion, plaintiff conceded that the slope of the land was the same as it had been when the consent judgment was entered, but contended that it is virtually impossible to use a trailer to launch a boat from Parcel B given the steep incline of the bank. At the conclusion of the hearing on the motion, the trial court denied plaintiff's request to grade the easement. The trial court's order stated:

> Plaintiff's request for a declaratory ruling that Plaintiff may adjust the grade/slope of the land on Parcel B to reasonably utilize the express easement (outlined in the Consent Judgment entered by this Court) for the launching of watercraft, including by boat trailer, is denied because having an easement granted to use an area as a boat launch does not convey with it the right to regrade or reslope the grade of land, as explained on the record.

On the record, the trial court reasoned that the consent judgment did not specify how a person could use a trailer to launch a boat, or that a trailer necessarily would be able to reach the water's edge. The trial court stated that plaintiff was permitted to use a trailer or other equipment to launch a boat, as long as plaintiff did so without changing the slope of the land. The trial court further denied plaintiff's request to hold defendants in contempt and for attorney fees.

This Court denied plaintiff's application for leave to appeal the trial court's post-judgment order.[2] In lieu of granting leave to appeal, our Supreme Court thereafter remanded the case to this Court for consideration as on leave granted.[3]

## II. ANALYSIS

This case involves the question whether plaintiff's proposed alterations to Parcel B fall within the scope of plaintiff's easement. Plaintiff argues that the trial court erred by denying his request to grade Parcel B because, in its current condition, it is impossible for him to launch a boat with a boat trailer on Parcel B, which is a permitted use of the easement. We disagree.

Generally, the extent of a party's rights under an easement is a question of fact which this Court reviews for clear error. *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005). A finding is clearly erroneous if, after reviewing the entire record, this Court is definitely and firmly convinced that the trial court made a mistake. *Augustine v Allstate Ins*

---

[2] *Maniaci v Diroff*, unpublished order of the Court of Appeals, entered November 23, 2016 (Docket No. 333952).

[3] *Maniaci v Diroff*, 500 Mich 1057; 898 NW2d 585 (2017).

*Co*, 292 Mich App 408, 424; 807 NW2d 77 (2011). In addition, this Court reviews de novo the trial court's dispositional rulings on equitable matters related to easements. See *Blackhawk Dev Corp*, 473 Mich at 40.

The easement in this case was created by a consent judgment, which is the product of an agreement between the parties. See *Sylvania Silica Co v Berlin Twp*, 186 Mich App 73, 75; 463 NW2d 129 (1990). This Court interprets judgments entered by agreement of the parties in the same manner as contracts. *Gramer v Gramer*, 207 Mich App 123, 125; 523 NW2d 861 (1994). Although we apply contract principles to determine the scope of the easement created by the consent judgment, we consider the law related to easements to determine the scope of plaintiff's rights to enjoyment of the easement created by the consent judgment.

An easement is a limited right to use the land burdened by the easement, rather than a right to occupy and possess the land, and generally is limited to a specific purpose. *Schumacher v Dep't of Nat Resources*, 275 Mich App 121, 130; 737 NW2d 782 (2007), citing *Dep't of Nat Resources v Carmody-Lahti Real Estate, Inc*, 472 Mich 359, 378; 699 NW2d 272 (2005). The language of the instrument that granted the easement determines the scope of the easement holder's rights. See *Blackhawk Dev Corp*, 473 Mich at 42. "Where the rights of an easement are conveyed by grant, neither party can alter the easement without the other party's consent." *Id*. at 46.

The conveyance of an easement gives the easement holder "all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement." *Id*. at 41-42 (quotation marks and citations omitted). The use exercised by the holder of the easement must be reasonably necessary "to the proper enjoyment of the easement, with as little burden as possible to the fee owner of the land." *Id*. at 42. An easement holder's rights are paramount to the rights of the fee owner, but only to the extent stated in the grant of the easement. *Id*. at 41. "The existence of an easement necessitates a thoughtful balancing of the grantor's property rights and the grantee's privilege to burden the grantor's estate." *Id*.

"A party who enjoys an easement is entitled to maintain it so that it is capable of the use for which it was given." *Morse v Colitti*, 317 Mich App 526, 545; 896 NW2d 15 (2016). "The making of repairs and improvements necessary to the effective enjoyment of an easement . . . is incidental to and part of the easement." *Mumrow v Riddle*, 67 Mich App 693, 700; 242 NW2d 489 (1976). Improvements, however, receive closer scrutiny than repairs. *Id*. In this case, Parcel B was steeply sloped and sandy at the time the easement was granted, and it is unlikely that a person at that time could have launched a watercraft by backing a boat trailer itself into the water. Grading the parcel to alter the slope sufficiently to launch a boat from a boat trailer, therefore, would constitute an improvement to the easement, not simply a repair.

In *Blackhawk Dev Corp*, our Supreme Court recognized that "[a] fundamental principle of easement law is that the easement holder . . . cannot 'make improvements to the servient estate if such improvements are unnecessary for the effective use of the easement or they unreasonably burden the servient tenement.'" *Blackhawk Dev Corp*, 473 Mich at 41, citing *Little v Kin*, 468 Mich 699, 701; 664 NW2d 749 (2003). The Court in *Blackhawk Dev Corp* stated:

-4-

From these principles evolves a two-step inquiry: whether the proposed developments are necessary for the [easement holder's] effective use of its easement and, if the developments are necessary, whether they unreasonably burden [the] servient estate. Of course, the need to answer the second question is obviated where the first question is answered in the negative. [*Id.* at 42 (citation omitted).]

Applying the reasoning of *Blackhawk Dev Corp* to the present case, the trial court here did not clearly err in finding that adjusting the grade of Parcel B is unnecessary for plaintiff's reasonable use of the easement. Here, the easement grant expressly permits launch of watercraft by boat trailer. The easement grant does not define watercraft for purposes of the easement. A canoe or kayak is a "watercraft," as is a 20-foot power boat, or a 60-foot cabin cruiser. The term "watercraft" for purposes of the easement must necessarily be limited by the topography of Parcel B and the size of the 20-foot easement. Similarly, the easement provides for the launching of watercraft "including by boat trailer," implying that boats can be launched there by easement holders without the use of a trailer, presumably by carrying a canoe or a kayak from Vonda Lane down to the water's edge to launch the boat into the water. The easement grant also does not specify in what way a trailer could be used, or that the boat trailer must have access to the water itself. As the trial court observed, some boats could be offloaded by backing a trailer near the water's edge, while launching larger boats may necessitate a trailer used in conjunction with a ramp or other equipment. In other words, just because it is not feasible to back a boat trailer all the way to the water's edge does not prevent the easement from being used to launch boats, including with the use of a boat trailer, and plaintiff's desire to back his boat trailer all the way to the water's edge does not make it a requirement of effectively using the easement.

In addition, we note that the parties agree that the slope of Parcel B is unchanged from the time that the litigation began, and that neither the settlement agreement on the record nor the consent judgment suggests changing the slope of Parcel B. Because this issue presented itself for the first time long after entry of the consent judgment, we conclude that changing the slope of Parcel B was not contemplated by the parties and is outside the scope of the easement. Further, the consent judgment provides that "to the extent that any usage of the Easement creates damage to the surface of the Easement, the person(s) creating that damage shall be responsible for restoring the Easement to its pre-damaged state," suggesting that the parties intended that Parcel B remain in its existing condition.

Because we are not definitely and firmly convinced that the trial court made a mistake when it found that improvement of the easement by regrading its slope was unnecessary to the effective use of the easement as granted, we affirm the trial court's order. We further conclude that because plaintiff has not established that the trial court erred by declining to hold defendants in contempt, remand for a determination of damages and attorney fees is not warranted.

Affirmed.

/s/ Patrick M. Meter
/s/ Michael F. Gadola
/s/ Jonathan Tukel