*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTINE MOORE,

Plaintiff-Appellant,

v

BRIAN W. BUSH and DONNA R. BUSH,

Defendants-Appellees.

UNPUBLISHED
January 19, 2023

No. 360555
Chippewa Circuit Court
LC No. 19-015732-CH

Before: RIORDAN, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals as of right from the trial court's final order on the ground that the trial court erred by not enforcing the parties' consent judgment's fee shifting provision for defendants' alleged noncompliance with the terms of that judgment entered after the parties settled their dispute regarding the boundary and ownership to land. For the reasons stated in this opinion, we reverse the trial court's order respecting attorney fees and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff sued defendants for trespass, nuisance, and to quiet title to property located in Chippewa County after a dispute arose regarding its boundary and ownership. On the date set for a bench trial the parties agreed to settle the matter. The trial court later entered a consent judgment on April 29, 2021, which provided in relevant part:

1. Except as described in paragraph 3 *infra*, Plaintiff owns in fee simple absolute, and is entitled to the quiet and peaceful possession of the entirety of, and Defendants and all persons claiming under them have no estate, right, title, lien, or interest in or to any portion of "Parcel B" (17-002-004-005-45) as described on the survey attached as Exhibit I (the "Survey").

2. Within 30 days, Defendants shall:

-1-

2.1.  excepting the area described in paragraph 3 *infra*, remove all things that they have placed on, are otherwise inconsistent with Plaintiff's ownership of, or interfere with Plaintiff's placement of a fence along the western boundary line of, Parcel B; and

2.2.  pay to Plaintiff the amount of $195.98.

3.  Within 14 days of the completion of said removal and payment, Plaintiff shall deed to Defendants the following real property located in the Township of Bruce, County of Chippewa, and State of Michigan:

* * *

4.  Plaintiff shall be permitted to build a fence similar to the wooden fence presently existing as shown on the Survey sufficient to prevent chickens from entering onto Parcel B (the "Fence").

5.  Upon completion of the Fence, Plaintiff shall deed Parcel B to Lawren Murray.

6.  If any party violates this Judgment, then that party shall pay the prevailing party's costs and attorney fees.

Defendants' attorney retired and never provided them the consent judgment, so they did not do as required by it, which led plaintiff to file a motion in July 2021 for entry of an order to show cause why they should not be held in contempt. The trial court ordered defendants to appear and show cause. Because defendants were not served the order, the trial court entered an amended order that set the hearing for a date in September. A few days before the hearing, defendants' new counsel entered an appearance.

At the show cause hearing on September 27, 2021, the trial court stated on the record at the outset that it had been advised that the parties reached a resolution. The parties affirmed that they agreed that defendants would remove boulders and trees from the property line to enable fence erection. After discussion and approval from the court they also agreed that defendants would pay plaintiff's attorney fees from August 7, 2021 to September 15, 2021, the date on which defense counsel entered her appearance. The trial court directed defense counsel to review plaintiff's counsel's fee statement that he sent her via e-mail and that the parties could resolve the matter privately and submit a stipulated order or return to court by motion to settle it. The parties agreed to that approach. The trial court never entered an order following the September 27, 2021 hearing.

On November 22, 2021, the parties returned to court regarding the attorney fee issue and plaintiff's counsel asserted that defendants failed to remove the cut down tree stumps which plaintiff contended still prevented erection of the fence. It is unclear whether the parties' counsel ever conferred regarding the attorney fees amount. At the November 22, 2021 hearing, defense counsel stated that she sent plaintiff's counsel a check for about $800. Plaintiff's counsel argued that that amount constituted only 10% of what defendants owed for plaintiff's attorney fees. After hearing the parties' conflicting positions regarding the attorney fees amount and whether

-2-

defendants did as they agreed at the September 27, 2021 hearing, the trial court continued the hearing until the fence contractor could inform the court regarding what prohibited him from erecting the fence to enable it to render a decision.

On February 3, 2022, the trial court reconvened the hearing. The parties' respective counsel affirmed that the boulders and trees were removed but plaintiff's counsel argued that stumps remained preventing fence erection. He also argued that defendants failed to pay plaintiff the attorney fees he contended the consent judgment required for their failure to comply with its terms. The trial court stated that it would not order defendants to pay any more fees other than the fees it previously ordered. The trial court heard testimony from the fence contractor who opined that he could construct the fence in the spring without difficulty. The trial court concluded that nothing prohibited fence erection and that the matter was at an end. The trial court entered a final order requiring defendants to remit to plaintiff attorney fees as determined at the September 27, 2021 hearing and ordered the dismissal of plaintiff's motion to show cause. Plaintiff now appeals.

## II. STANDARDS OF REVIEW

A consent judgment is akin to a contract. *Laffin v Laffin*, 280 Mich App 513, 517; 760 NW2d 738 (2008). Issues regarding the proper interpretation of a contract or the legal effect of a contractual clause are reviewed de novo. *Fodale v Waste Mgt of Mich, Inc*, 271 Mich App 11, 16-17; 718 NW2d 827 (2006).

The decision of the trial court whether to award attorney fees is reviewed for an abuse of discretion, as is the reasonableness of the fees awarded. *Teran v Rittley*, 313 Mich App 197, 208; 882 NW2d 181 (2015). An abuse of discretion occurs when the trial court selects a decision outside the range of reasonable and principled outcomes. *Id*. The trial court's findings of fact underlying the award are reviewed for clear error. *Id*. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 296; 769 NW2d 234 (2009) (quotation marks and citation omitted). Underlying issues of law are reviewed de novo. *Teran*, 313 Mich App at 208. Plaintiff's entitlement to attorney fees depends on interpretation of the contractual language of the consent judgment, and contract interpretation is a question of law reviewed de novo on appeal. *Rose v Rose*, 289 Mich App 45, 49; 795 NW2d 611 (2010).

## III. ANALYSIS

Plaintiff argues that the trial court erred by not making a factual determination that defendants violated the consent judgment and then ordering them to pay her attorney fees pursuant to the terms of that judgment, MCR 3.206(D), MCL 600.1701, MCL 600.1711, and MCL 600.1715(1). We disagree.

"A consent judgment is the product of an agreement between the parties." *Sylvania Silica Co v Berlin Twp*, 186 Mich App 73, 75; 463 NW2d 129 (1990). "A consent judgment is in the nature of a contract, and is to be construed and applied as such." *Laffin*, 280 Mich App at 517 (citation omitted). When interpreting a contract, the examining court must ascertain the intent of the parties by evaluating the language of the contract in accordance with its plain and ordinary

meaning. *In re Egbert R Smith Trust*, 480 Mich 19, 24; 745 NW2d 754 (2008). If a judgment is unambiguous, its interpretation is a question of law. *Holmes v Holmes*, 281 Mich App 575, 594; 760 NW2d 300 (2008). "If no reasonable person could dispute the meaning of ordinary and plain contract language, the Court must accept and enforce contractual language as written, unless the contract is contrary to law or public policy." *Laffin*, 280 Mich App at 517 (citation omitted). "[C]onsent judgments are final and binding upon the court and the parties, and cannot be modified absent fraud, mistake, or unconscionable advantage." *Id*. (citation omitted). Contract language that is clear and unambiguous must be enforced as written. *Lentz v Lentz*, 271 Mich App 465, 472; 721 NW2d 861 (2006).

"A contract is ambiguous if it allows two or more reasonable interpretations, or if the provisions cannot be reconciled with each other." *Woodington v Shokoohi*, 288 Mich App 352, 374; 792 NW2d 63 (2010). "If the contract, although inartfully worded or clumsily arranged, fairly admits of but one interpretation, it is not ambiguous." *Id*. Similarly, parties' consent judgments are ambiguous if two provisions irreconcilably conflict with each other, *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003), or if a term is equally susceptible to more than a single meaning, *Barton-Spencer v Farm Bureau Life Ins Co of Mich*, 500 Mich 32, 40; 892 NW2d 794 (2017); *Coates v Bastian Bros, Inc*, 276 Mich App 498, 503; 741 NW2d 539 (2007).

Unless otherwise defined in the contract, contractual terms are given their plain and ordinary definitions. *Cole v Auto-Owners Ins Co*, 272 Mich App 50, 53; 723 NW2d 922 (2006). Moreover, a court cannot create an ambiguity where none exists in order to reach a desired result, see *Citizens Ins Co v Pro-Seal Serv Group, Inc*, 477 Mich 75, 82; 730 NW2d 682 (2007), nor can a court refuse to enforce an unambiguous contractual provision because of a judicial assessment of "reasonableness," *Rory v Continental Ins Co*, 473 Mich 457, 469; 703 NW2d 23 (2005).

As explained in *In re Lett Estate*, 314 Mich App 587, 600; 887 NW2d 807 (2016):

Thus, a consent judgment . . . is a contract that must be interpreted according to the plain and ordinary meaning of its terms; a court may not rewrite clear and unambiguous language under the guise of interpretation. A court cannot read words into the plain language of a contract. [Quotation marks, alterations, and citations omitted.]

In this case, the parties agreed to settle the boundary dispute rather than go to trial and the trial court entered a consent judgment. Accordingly, the terms of the judgment must be understood as contractual provisions that bound the parties. Paragraph 6 of the consent judgment provided: "If any party violates this Judgment, then that party shall pay the prevailing party's costs and attorney fees."

Under Michigan law, parties may contract for the payment of attorney fees, and contractual provisions for the payment of reasonable attorney fees are judicially enforceable. *Fleet Business Credit, LLC v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 589; 735 NW2d 644 (2007). "In other words, a contractual clause providing that in the event of a dispute the prevailing party is entitled to recover attorney fees is valid." *Id*. Attorney fees that are awarded pursuant to contractual provisions are considered damages, not costs. *Id*.

To recover attorney fees under ¶ 6 of the consent judgment, the party seeking fees must be the prevailing party. A "prevailing party" is a legal term of art that must be construed according to its peculiar and appropriate meaning. *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 563; 886 NW2d 113 (2016).

> A "prevailing party" is "[t]he party to a suit who successfully prosecutes the action . . . , prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered." For there to be a "prevailing party," there must have been a material and enforceable alteration of the legal relationship of the parties resulting from judicial imprimatur. [*Id*. (citations omitted; alteration in original).]

To be a "prevailing party" entitled to recovery of attorney fees, therefore, plaintiff had to prosecute the disputed issue and the trial court had to render a decision that made a material and enforceable alteration of the legal relationship of the parties.

In this case, plaintiff did not move for enforcement of the consent judgment. Instead, she moved for entry of an order requiring defendants to show cause why they should not be held in contempt for failing to perform their obligations after entry of the consent judgment. On July 12, 2021, the trial court ordered defendants to appear and show cause but then entered an amended order on July 27, 2021, ordering them to appear on September 20, 2021, to show cause why they should not be held in contempt of the trial court's consent judgment. On September 15, 2021, defense counsel entered her appearance on behalf of defendants advising that defendants' former counsel retired and no longer represented them. The parties, by their respective counsel, stipulated to the adjournment of the show cause hearing until September 27, 2021. The record reflects that on September 27, 2021, when the trial court convened the show cause hearing it announced that there had been a proposed resolution. Plaintiff's counsel conceded that railroad ties had been removed and stated that defendants agreed to remove boulders and trees from along the property line and pay plaintiff's attorney fees incurred from August 7, 2021, to the September 27, 2021 hearing date. The trial court and counsel discussed the fee timeframe and agreed that the period for which defendants would be responsible for plaintiff's attorney fees would be from August 7, 2021 to September 15, 2021, the date on which defense counsel entered her appearance. The court directed that defense counsel review plaintiff's counsel's attorney fees and if she had an objection, then the parties could seek the court's intervention. Defendants' counsel indicated that the parties presently did not have an amount determined for the attorney fees for entry in an order, and plaintiff's counsel informed the trial court that he e-mailed defense counsel his attorney fees "transaction file list" for his fees from August 7 to the present date.[1] Plaintiff's counsel agreed to having defense counsel review that and discuss the matter to establish a sum certain for the attorney fees. The trial court directed that if the parties agreed to the attorney fee amount they could submit a stipulated order, and if not, they could have a hearing at a later time to set the amount.

---

[1] The record does not contain a copy of plaintiff's counsel's "transaction file list" that is purported to present the attorney fees incurred by plaintiff during the agreed period.

The record reflects that the trial court never entered an order respecting the matters agreed upon by the parties at the September 27, 2021 hearing. Of particular significance to this appeal, the trial court did not decide any matter respecting the rights of the parties at this hearing. Instead, the parties placed on the record a new agreement that defendants would remove boulders and trees and pay plaintiff her attorney fees incurred from August 7 to September 15, 2021, in an amount to be later decided by the parties' counsel and featured in a stipulated order, or the parties would return to the trial court for determination of the attorney fee amount.

Under these circumstances, plaintiff did not constitute a "prevailing party" as required under the consent judgment to entitle her to defendants' payment of her attorney fees under the terms of the consent judgment's ¶ 6. Plaintiff's invocation of the consent judgment fee provision, therefore, is misplaced. Because the parties settled the disputed issues, the trial court did not render any decision by which plaintiff could claim that she prevailed. Accordingly, plaintiff was not entitled to recover her attorney fees under ¶ 6 of the consent judgment.

Nevertheless, under the parties' agreement placed on the record at the September 27, 2021 hearing, plaintiff was entitled to recover attorney fees for the period from August 7 to September 15, 2021. In *Mikonczyk v Detroit Newspapers, Inc*, 238 Mich App 347, 349-350; 605 NW2d 360 (1999), this Court explained:

> A settlement agreement is binding when it is made in open court. MCR 2.507(G). "An agreement to settle a pending lawsuit is a contract and is to be governed by the legal principles applicable to the construction and interpretation of contracts." *Walbridge Aldinger Co v Walcon Corp*, 207 Mich App 566, 571; 525 NW2d 489 (1994).

In *Lentz*, 271 Mich App at 474-475 (citations omitted), this Court reiterated the longstanding principles that:

> It is a well-settled principle of law that courts are bound by property settlements reached through negotiations and agreement by parties . . . , in the absence of fraud, duress, mutual mistake, or severe stress which prevented a party from understanding in a reasonable manner the nature and effect of the act in which she was engaged. This rule applies whether the settlement is in writing and signed by the parties or their representatives or the settlement is orally placed on the record and consented to by the parties, even though not yet formally entered as part of the . . . judgment by the lower court. The finding of the trial court concerning the validity of the parties' consent to a settlement agreement will not be overturned absent a finding of an abuse of discretion.

"[L]itigants are not free to disregard a settlement agreement knowingly entered into on the court record and to which satisfactory evidence of mistake, fraud, or unconscionable advantage is not evident." *Groulx v Carlson*, 176 Mich App 484, 492; 440 NW2d 644 (1989). Under Michigan law, therefore, the parties' settlement of the issues giving rise to plaintiff's motion to show cause was enforceable entitling plaintiff to recover attorney fees, albeit not all, but only those incurred from August 7 to September 15, 2021.

The lack of an order entered by the trial court respecting defendants' obligations following the September 27, 2021 hearing exacerbated the situation. The transcript of the later hearing held on November 22, 2021, reveals that defendants' counsel did not do as the parties agreed, i.e,. discuss the attorney fee amount related to the parties' September 27, 2021 fee payment agreement, requiring the parties to resolve the amount or return to court for its resolution. Instead, defense counsel apparently unilaterally decided the amount to pay and sent plaintiff's counsel a check for around $800. Plaintiff's counsel pointed out at the November hearing that, on September 27, 2021, the parties' counsel met with the trial court off the record in chambers where they discussed and agreed to a resolution of the attorney fee issue. Plaintiff's counsel asserted that the parties agreed in chambers that defendants would pay half of plaintiff's attorney fees of $7,000.[2] Defense counsel disagreed and represented to the court that she paid plaintiff's attorney fees for the relevant period, but she provided no evidentiary support to establish that the approximate amount of $800 constituted the correct amount.

The trial court did not consider or determine whether plaintiff's requested amount of fees was actually incurred for work performed during the period, nor did it establish the amount to which plaintiff was entitled. The court at no time entered an order settling the matter. Review of the record does not permit discernment of the accuracy of the parties' differing representations as to the amount. The trial court did not set the record straight. It appears that the trial court merely accepted defense counsel's unsupported representations over plaintiff's objections. Ultimately, the trial court resolved the matter on February 25, 2022, by entering an order requiring defendants to "remit to Plaintiff attorney fees pursuant to the record of the Court's initial hearing on the motion held on September 27, 2021 at 9:40 a.m." The problem with this order is that the parties never agreed to an amount and the court never determined the actual amount. The trial court only directed that the parties either agree or seek court intervention. The trial court's February 25, 2022 order, therefore, lacks clarity because the record of the September 27, 2021 hearing did not decide the amount of attorney fees which defendants would pay.

Plaintiff's argument on appeal that the trial court should have determined that defendants violated an order mistakenly harkens back to the period before the September 27, 2021 hearing at which the parties resolved their disputed issues in chambers and then stated their new agreement on the record respecting defendants' obligations. Although plaintiff invoked MCR 3.206(D), MCL 600.1701, MCL 600.1711, and MCL 600.1715(1), in her motion for an order to show cause, the settlement of the disputed matters by the parties on September 27, 2021, and placement of the parties' agreement on the record constituted a waiver by plaintiff to any entitlement to attorney fees under the consent judgment and under MCR 3.206(D). In *Reed Estate v Reed*, 293 Mich App 168, 176; 810 NW2d 284 (2011) (quotation marks, alteration, and citations omitted) this Court explained that a "waiver" is

---

[2] Because the record does not contain plaintiff's counsel's "transaction file list" specifying the attorney fees incurred by plaintiff, we cannot discern what amount of fees she incurred between August 7 to September 15, 2021, the period for which the parties agreed defendants would pay plaintiff's fees.

the voluntary relinquishment or abandonment—express or implied—of a legal right or advantage. The party alleged to have waived a right must have had both knowledge of the existing right and the intention of forgoing it. To effectuate a valid waiver, no magic language need be used. Rather a waiver must simply be explicit, voluntary, and made in good faith. In order to ascertain whether a waiver exists, a court must determine if a reasonable person would have understood that he or she was waiving the interest in question.

The record reflects that plaintiff voluntarily agreed to settle the dispute regarding defendants' violation of the consent judgment once the parties announced to the trial court that they resolved their disputed matters. The trial court, therefore, appropriately declined to engage in factual determination regarding violation of the consent judgment by defendants. The trial court determined what remained to be done and accepted the parties' resolution of the matter. Accordingly, by knowingly and voluntarily agreeing with the resolution stated on the record, plaintiff waived the right to seek fees under MCR 3.206(D), MCL 600.1701, MCL 600.1711, and MCL 600.1715(1). Plaintiff's waiver by settling the disputed issues prevented the trial court from making any findings or rendering any decision and concomitantly resulted in plaintiff's inability to claim prevailing party status entitled to attorney fees under the consent judgment's fee provision.

Plaintiff asserts that defendants remained in violation of the consent judgment up to and including the February 3, 2022 hearing. The record, however, indicates otherwise and the trial court actually investigated plaintiff's claim of ongoing noncompliance. At the November 22, 2021 hearing, the court inquired regarding what defendants accomplished after the September 27, 2021 hearing. The record indicates that defendants removed the boulders and cut down the trees near the property line as agreed. Plaintiff raised an issue that the stumps were not down to ground level preventing erection of the fence. Defendants stated that they were. The trial court decided that it needed to hear from the fence contractor regarding the status and whether anything impeded erection of the fence. The court prudently recognized that it sat in the untenable position of hearing opposing positions by the parties and their counsel without the means of adequately deciding the pertinent factual issue. The trial court, therefore, adjourned the hearing to February 3, 2022, at which it could hear testimony from the fence contractor.

The record reflects that at the February 3, 2022 hearing, the parties disagreed whether defendants complied with their September 27, 2021 agreement regarding the tree removal and the attorney fee amount defendants were to pay plaintiff. The trial court inquired and ascertained that the stumps had been removed leaving only the fence erection incomplete. Respecting the attorney fee issue, the trial court stated that it ordered payment of fees incurred from August 7 to September 15, 2021, and declared that it would not order any more attorney fees despite plaintiff's argument for more. The court stated that defendants had tendered payment of the fees pursuant to the court's order.

The trial court observed that erection of the fence would conclude the matter but indulged plaintiff's counsel and heard the testimony from the fence contractor who confirmed that nothing prohibited the erection of the fence, except the winter weather. He testified that, as of December 2021, the boulders, debris, and trees were removed, but even if any stumps remained, five minutes with a chainsaw would eliminate them, a minor inconvenience by his reckoning. He affirmed that he could install the fence.

The February 3, 2022 hearing reveals that the trial court mistakenly believed that it had entered an order respecting the payment of attorney fees for the period from August 7 to September 15, 2021, and mistakenly concluded that defendants tendered payment to plaintiff pursuant to such order. In reality, the trial court had never entered any order and its finding in this regard was clearly erroneous. The record indicates that the trial court neither settled the attorney fee amount nor ever entered an order.

The trial court not issuing an order following the September 27, 2021 hearing perpetuated the attorney fee issue until the court entered its February 25, 2022 final order which ordered defendants to remit to plaintiff attorney fees as specified at the September 27, 2021 hearing. The final order is mistaken because the September 27, 2021 hearing failed to resolve the attorney fee issue. The trial court, therefore, abused its discretion in this regard.

Although plaintiff's arguments on appeal lack merit because she agreed to settle the dispute with defendants at the September 27, 2021 hearing, the trial court's handling of the attorney fee issue never effectively resolved it. Plaintiff waived the right to attorney fees under the consent judgment by settling the disputed issues. The trial court, therefore, did not err by declining to making a factual determination regarding defendants' compliance with the consent judgment and declining to order them to pay plaintiff's attorney fees under the provision in the consent judgment. Plaintiff, however, never waived the right to be heard on the amount required to compensate her for the attorney fees she incurred for the period from August 7 to September 15, 2021, nor waived her right to have the trial court properly determine that amount and enter an appropriate order effectuating such ruling. The trial court erred by not settling the attorney fee amount and entering an appropriate order. The trial court, therefore, abused its discretion regarding the attorney fee issue necessitating reversal of that aspect of its final order and remand to the trial court to settle the attorney fee amount and enter an appropriate order. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Plaintiff argues further that the trial court erred by not awarding her attorney fees according to the terms of the consent judgment. As previously discussed, the consent judgment is unambiguous in its requirement that to be eligible to recover attorney fees under ¶ 6, plaintiff had to be the prevailing party. Because the parties settled the disputed issues, the trial court did not render any decision by which plaintiff could claim that she prevailed. Plaintiff asserts that defendants failed to comply with the consent judgment and apparently believes that such automatically entitled her to recovery of her attorney fees regardless whether the trial court rendered a decision in her favor. Plaintiff also contends that defendants were in contempt of court and appears to invoke MCL 600.1701 and MCL 600.1711(2) for the proposition that the trial court was obligated to award her attorney fees. Plaintiff's argument fails, however, because it ignores the fact that, although she may have sought to have defendants held in contempt, the trial court never found them in contempt nor entered any order regarding their compliance with the consent judgment's terms. The record establishes that rather than proceeding with the show cause hearing, the parties agreed to resolve the disputed issues, affirmed their agreement on the record, negating any need for the trial court to make any findings regarding defendants' compliance with the terms of the consent judgment or any need to enter an order enforcing the consent judgment. Accordingly, plaintiff was not a "prevailing party" entitled to recover her attorney fees under ¶ 6 of the consent judgment. Plaintiff's invocations of the consent judgment fee provision, MCL

600.1701 and MCL 600.1711(2), are misplaced. Further, as explained previously, plaintiff's agreement at the September 27, 2021 hearing to resolve the issues constituted a waiver.

Only if plaintiff had declined to resolve the disputed issues and the trial court proceeded to render decisions on the contested matters regarding defendants' compliance with the terms of the consent judgment could plaintiff claim "prevailing party" status entitling her to recover her attorney fees under ¶ 6 of the consent judgment. Similarly, only if she prevailed on her motion to hold defendants in contempt could she obtain attorney fees or some other recompense in the trial court's discretion under MCL 600.1701 and MCL 600.1711(2). Plaintiff settled the disputed issues and the trial court never held defendants in contempt. Accordingly, the trial court did not err by not enforcing the consent judgment and declining to award plaintiff attorney fees under ¶ 6 of the judgment.

Reversed and remanded for further proceedings consistent with this opinion. Specifically, on remand, if the parties do not agree on a specific dollar amount in attorney fees the plaintiff is entitled to receive for the period August 7, 2021 until September 15, 2021, the trial court is to determine how much, if any, attorney's fees plaintiff is entitled to receive for the period August 7, 2021 until September 15, 2021.

Neither party having fully prevailed in this appeal, no party may assess costs.

We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ James Robert Redford