*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBIN E. SILAS,

          Plaintiff/Counterdefendant-Appellant,

v

EVELYN A. MCKENNEY,

          Defendant/Counterplaintiff-Appellee,

and

JODI DEBRECHT SWITALSKI,

          Appellee.

UNPUBLISHED
May 25, 2023

Nos. 359472; 362867
Macomb Circuit Court
LC No. 2012-004854-DM

Before: LETICA, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

In Docket No. 359472, plaintiff Robin Silas appeals as of right the trial court's November 17, 2021 order requiring him to pay one-half of appellee Jodi Switalski's lawyer-guardian ad litem fees in this postjudgment custody dispute. In Docket No. 362867, plaintiff appeals as of right the trial court's August 16, 2022 order requiring him to pay $1,500 to Switalski and $1,000 to defendant Evelyn A. McKenney as a sanction for filing a frivolous postjudgment motion that sought, among other relief, to enforce plaintiff's parenting time and to remove Switalski as the children's lawyer-guardian ad litem. For the reasons set forth in this opinion, we affirm in Docket No. 359472, but reverse the portion of the trial court's August 16, 2022 order requiring plaintiff to pay Switalski's and defendant's attorney fees in Docket No. 362867.

## I. BACKGROUND

The parties divorced in 2013. They have two minor children. Pursuant to a consent order, plaintiff was granted sole legal and physical custody of the parties' children. Plaintiff remarried in 2013. Defendant subsequently accused the children's stepmother of manipulating and emotionally abusing the children, isolating them, falsely reporting that they have serious mental

-1-

illnesses, and forcing them to receive alternative medical treatments. In 2018, the parties entered into a consent order granting them joint legal and physical custody of the children.

In 2020, defendant moved to change custody and requested sole physical and legal custody of the children. She alleged that the stepmother was harming the children by "diagnosing" them with mental disorders that were not confirmed by any qualified practitioner. Pursuant to a stipulated order entered on December 17, 2020, the trial court appointed Switalski as guardian ad litem for the children. Although the order referred to Switalski as a "guardian ad litem" (GAL), it also provided that Switalski would have the duties and powers of a lawyer-guardian ad litem (LGAL) as defined in MCL 712A.17d. The order further provided that "[t]he GAL's fees are $300.00 per hour and shall be equally shared by the parties ($150.00/hour)." Additionally, any objection to the GAL's billing invoices were required to be brought to the GAL's attention within seven days of the billing date, "otherwise the billing shall be deemed agreed to." Plaintiff stipulated to the entry of this order.

After conducting an investigation, Switalski filed an ex parte emergency motion to award defendant sole legal and physical custody of the children. Switalski alleged that the stepmother's "pathological" behavior had harmed the children. Switalski believed that the stepmother's habit of diagnosing the children with mental and emotional conditions indicated that she suffered from a factitious disorder known as Munchausen syndrome by proxy.

Plaintiff opposed the petition, but in September 2021 the parties agreed to entry of a consent order awarding them joint legal custody of the children, but awarding sole physical custody to defendant. Plaintiff's visitation would be supervised by Dr. Ross Beckley in a therapeutic setting. Switalski subsequently moved for a show-cause order to require plaintiff to pay her fees. Although plaintiff had not previously objected to any of Switalski's billing invoices, he opposed Switalski's motion and argued that Switalski's requested fees were excessive in part because she had overstepped the bounds of her duties as a GAL. Following a hearing, the trial court determined that Switalski had been appointed as an LGAL and ordered plaintiff to pay his one-half share of Switalski's fees. Plaintiff now appeals that order in Docket No. 359472.

In October 2021, Dr. Beckley temporarily discontinued the therapeutic sessions because the sessions had become hostile. In June 2022, plaintiff moved to "enforce" the September 2021 consent custody order by reinstating his visitation sessions. He also requested new psychological evaluations of the children by a neutral practitioner and requested Switalski's removal as LGAL. In accordance with a referee's recommendation, the trial court denied plaintiff's motion and ordered plaintiff to pay Switalski's and defendant's attorney fees as a sanction for filing a frivolous motion. Plaintiff challenges the trial court's imposition of sanctions in Docket No. 362867.

## II. DOCKET NO. 359472

Plaintiff argues that Switalski was never duly appointed as an officer of the court because the appointment order did not clearly specify whether she was appointed as a GAL or an LGAL, and accordingly, all of her requested fees are unreasonable, thereby relieving him of liability for any of her fees. Although plaintiff challenged the reasonableness of some of Switalski's fees in the trial court, he never argued that any ambiguity regarding Switalski's status as a GAL or an

LGAL invalidated all of her requested fees or his obligation to pay any of her fees. Therefore, this issue is unpreserved.

To the extent that this issue involves the interpretation of a stipulated order, such an order is treated as a contract between the parties, subject to principles of contract interpretation. *Andrusz v Andrusz*, 320 Mich App 445, 453; 903 NW2d 636 (2017). Issues involving the interpretation of a contract are reviewed de novo as a question of law. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016). To the extent that this issue also involves the application of statutes and court rules, such issues are reviewed de novo as questions of law. *Safdar v Aziz*, 501 Mich 213, 217; 912 NW2d 511 (2018). "Review of an unpreserved error is limited to determining whether a plain error occurred that affected substantial rights." *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008). "To avoid forfeiture under the plain-error rule, three requirements must be met: (1) an error must have occurred; (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *Id*. at 328-329 (quotation marks and citation omitted).

Plaintiff's obligation to pay Switalski's fees is expressly addressed in the December 17, 2020 stipulated order. Further, regarding the nature of Switalski's appointment, the order cites MCL 722.27(1)(d)(3)[1] as authority for Switalski's appointment, but it also states that "[t]he GAL's powers and duties are those defined by MCL 712A.17d," which specifies the powers and duties of an LGAL. To the extent that the order is internally inconsistent, however, plaintiff stipulated to its entry, thereby consenting to Switalski's appointment and to his obligation to pay one-half of Switalski's fees, at the agreed rate of $300 an hour.

"A consent judgment is in the nature of a contract, and is to be construed and applied as such." *Laffin v Laffin*, 280 Mich App 513, 517; 760 NW2d 738 (2008). "If no reasonable person could dispute the meaning of ordinary and plain contract language, the Court must accept and enforce contractual language as written, unless the contract is contrary to law or public policy." *Id*. "In general, consent judgments are final and binding upon the court and the parties, and cannot be modified absent fraud, mistake, or unconscionable advantage." *Id*. To the extent that the stipulated order was ambiguous regarding the nature of Switalski's appointment, it was not ambiguous as to the payment of her fees. The order clearly provides that her fee would be $300 an hour, and that her fees would be equally shared by the parties. Although we agree that there are differences between a GAL and an LGAL, and that each serves distinct roles, there is also substantial overlap in their roles. See *Farris v McKaig*, 324 Mich App 349, 358; 920 NW2d 377 (2018). In any event, the distinction is immaterial to plaintiff's agreement to pay Switalski's fees at the stipulated rate pursuant to an order that also specified that Switalski would have all the powers and duties of an LGAL. Furthermore, in addition to specifying that Switalski's fees would be equally shared by the parties, and specifying that Switalski would have the powers and duties of an LGAL, the stipulated order further provided:

---

[1] MCL 722.27(1)(d) authorizes a court to use a guardian ad litem in a child custody dispute. However, that subsection is not further divided, so it is apparent that the citation to "MCL 722.27(1)(d)*(3)*" is erroneous.

Any objection to the GAL's billing must be brought to her attention, in writing, within seven (7) days of the billing date, otherwise the billing shall be deemed agreed to.

Switalski presented evidence that she submitted invoices in April, June, and September 2021, and plaintiff did not timely object to these invoices. To the extent that plaintiff believed that Switalski was improperly charging for LGAL services, it was incumbent upon him to timely object to those invoices and identify any services he believed were unauthorized. Plaintiff having stipulated to bringing forth any objection to Switalski's billings within a timely manner as prescribed by the contract, is bound by the contract. Because plaintiff stipulated to the agreement and failed to bring his objections within a timely manner as outlined in the stipulated contract, we affirm the trial court's November 17, 2021 order requiring plaintiff to pay his one-half share of Switalski's fees.

### III. DOCKET NO. 362867

In Docket No. 362867, plaintiff argues that the trial court abused its discretion by awarding Switalski and defendant attorney fees as a sanction for having to respond to plaintiff's postjudgment motion to enforce the September 2021 consent order.

This Court reviews a trial court's decision whether to award or deny sanctions for a frivolous filing for an abuse of discretion. *Sprenger v Bickle*, 307 Mich App 411, 422-423; 861 NW2d 52 (2014). A trial court abuses its discretion when its decision is outside the range of principled outcomes. *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 659-660; 819 NW2d 28 (2011). "However, the court's underlying factual findings, including a finding of frivolousness, are reviewed for clear error." *Sprenger*, 307 Mich App at 423. A finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake was made. *American Alternative Ins Co, Inc v York*, 252 Mich App 76, 80; 650 NW2d 729 (2002), aff'd 470 Mich 28 (2004).

Preliminarily, plaintiff's reliance on MCR 3.206(D)(2)(a) in support of his argument that it was improper to award defendant and Switalski their attorney fees without determining their inability to pay them, or determining his ability to pay, is misplaced. Neither the referee nor the trial court relied on MCR 3.206(D) as authority for the award of attorney fees. Rather, attorney fees were awarded as a sanction under MCR 1.109 and MCL 600.2591, because the trial court agreed with Switalski that plaintiff's postjudgment motion was frivolous.

MCR 1.109 provides, in pertinent part:

(5) *Effect of Signature*. The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:

(a) he or she has read the document;

(b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

-4-

(c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(6) *Sanctions for Violation.* If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

(7) *Sanctions for Frivolous Claims and Defenses.* In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). The court may not assess punitive damages.

MCL 600.2591 provides, in pertinent part:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

(3) As used in this section:

(a) "Frivolous" means that at least 1 of the following conditions is met:

(*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable legal merit.

(b) "Prevailing party" means a party who wins on the entire record.

"The frivolous claims provisions impose an affirmative duty on each attorney to conduct a reasonable inquiry into the factual and legal viability of a pleading before it is signed." *Attorney General v Harkins*, 257 Mich App 564, 576; 669 NW2d 296 (2003), overruled on other grounds by *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 283-285; 696 NW2d 646 (2005). "The reasonableness of the inquiry is determined by an objective standard." *Id*. "The focus is on the efforts taken to investigate a claim before filing suit, and a determination of reasonable inquiry depends on the facts and circumstances of the case." *Id*. "That the alleged facts are later discovered to be untrue does not invalidate a prior reasonable inquiry." *Id.*

A review of the record in this matter leads us to conclude that plaintiff's motion to enforce the September 2021 consent order was not frivolous. The consent order stated, in pertinent part:

The Plaintiff shall continue receiving therapeutic parenting time with the minor children, as directed by Dr. Beckley, and Dr. Beckley shall continue to be the facilitator of the parenting time. Any changes/modifications to the Plaintiff's parenting time shall be as recommended by Dr. Beckley, or as agreed upon by the parties. Either party may object to any recommendation(s) made by Beckley, and the parties shall retain the right to file a Motion seeking relief from the Court, in regard to the modification(s)/recommendation(s).

Plaintiff's motion addressed a stalemate situation that arose when a recommended "cooling off" period that began in October 2021 extended for several months with no resolution in sight. Plaintiff's request for new psychological evaluations by a neutral provider was not objectively unreasonable given the lack of progress over the preceding six to eight months. His request to remove Switalski as LGAL also was not inherently unreasonable considering that Dr. Beckley had indicated that he could manage the therapeutic process without the assistance of an LGAL. Additionally, the referee did not make specific findings in support of the recommendation to impose sanctions, other than referencing Switalski's statement that it took her 3.65 hours to read plaintiff's motion, a seemingly bloated amount of time to simply read a motion.

Switalski argues that plaintiff's motion was frivolous because he knew that he could not meet the standard for proving that modification of the custody arrangement was in the children's best interests. A party seeking to modify a custody or a parenting-time order "must first establish proper cause or a change of circumstances before the court may proceed to an analysis of whether the requested modification is in the child's best interests." *Stoudemire v Thomas*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 360441); slip op at 4, quoting *Lieberman v Orr*, 319 Mich App 68, 81; 900 NW2d 130 (2017). "When resolving important decisions that affect the welfare of the child, the court must first consider whether the proposed change would modify the established custodial environment." *Stoudemire*, ___ Mich App at ___; slip op at 4, quoting *Pierron v Pierron*, 486 Mich 81, 86; 782 NW2d 480 (2010). It should be obvious that Switalski's argument before the trial court and this Court is devoid of merit because plaintiff's motion was not attempting to change custody or the children's established custodial environment. Rather, plaintiff was attempting to move forward from the stalemate that had been ongoing since October 2021, and which had prevented him from exercising parenting time with the children consistent with the September 2021 consent order. Consequently, plaintiff was not required to demonstrate proper cause or a change of circumstances.

As to the issue of removal of Switalski, we note plaintiff's legitimate concerns over the expenses and time that the LGAL has caused in these proceedings. Plaintiff has legitimate concerns regarding Switalski's introduction of her husband, a former Macomb County judge, during a zoom hearing for no apparent reason. Additionally, we note that Switalski made a number of accusations in the beginning of this matter, mostly against the stepmother of the children, which lead to a CPS investigation. However, despite the fact that Switalski's accusations led to the removal of the children from plaintiff's sole custody, the CPS investigation found no evidence of the alleged medical and emotional abuse. And, as previously stated, the therapist working with the parties opined they could do so without the aid of Switalski. Hence, following our review of

the record in this matter, this Court is left with a definite and firm conviction that the trial court clearly erred by finding that plaintiff's motion was frivolous, and accordingly, erred by awarding Switalski and defendant attorney fees as a sanction for having to respond to plaintiff's motion. *Sprenger*, 307 Mich App at 423. Therefore, we reverse the portion of the August 16, 2022 order awarding defendant and Switalski attorney fees.

Affirmed in Docket No. 359472, and reversed in part in Docket No. 362867. No part having prevailed in full, no costs are awarded. MCR 7.219(A).

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michael J. Riordan